NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2468
    Facsimile: (213) 894-6436
    E-mail:    daniel.obrien@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. CR 19-642-VAP |
|---|---|
| Plaintiff, | GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER ALLOWING DISCLOSURE OF GRAND JURY TESTIMONY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF AUSA DANIEL J. O'BRIEN |
| v. | |
| IMAAD SHAH ZUBERI, | |
| Defendant. | |

    Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby applies ex parte for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide defendant's counsel of record with a copy of the grand jury testimony of witnesses whom the government may call at sentencing in this case.

The government makes this application because of defendant's need to prepare his case and the disclosure requirements of the Jencks Act, 18 U.S.C. § 3500. This application is based on the attached Memorandum of Points and Authorities and Declaration of Daniel J. O'Brien the files and records of this case, and such further evidence and argument as may be presented at any hearing on this application.

Dated: October 30, 2019     Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
Assistant United States Attorney
Chief, Criminal Division

          /s/
DANIEL J. O'BRIEN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Criminal Procedure 6(e)(2)(B) provides in relevant part: "Unless these rules provide otherwise, the following persons must not disclose a matter occurring before the grand jury: . . . (vi) an attorney for the government . . . ." Fed. R. Crim. 6(e)(2)(B). Rule 6(e)(3)(E) provides in relevant part: "The court may authorize disclosure -- at a time, in a manner, and subject to any other conditions that it directs -- of a grand-jury matter: [] preliminarily to or in connection with a judicial proceeding . . . ." Fed. R. Crim. 6(e)(3)(E).

A trial court has "substantial discretion to order or deny release" of a grand jury transcript. United States v. Evans & Associates Construction Co., 839 F.2d 656, 658 (9th Cir. 1988). The starting point for the Court's analysis is the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts." Id. (citation omitted). The Supreme Court has established five policy reasons for maintaining the secrecy of grand jury proceedings:

> (1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before [the] grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; [and] (5) to protect [an] innocent accused who is exonerated from disclosure of the fact that he has been under investigation, and from the expense of standing trial where there was no probability of guilt.

United States v. Procter & Gamble Co., 356 U.S. 677, 681 n.6 (1958) (internal quotations omitted); see also United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (citing Procter & Gamble and

Douglas Oil Co. of Calif. v. Petrol Stops Nw., 441 U.S. 211, 219 (1979), for the same proposition). In United States Indus., Inc. v. United States District Court, the Ninth Circuit reasoned that a determination of whether disclosure of grand jury material should be made under Rule 6(e) depends on the need of the party seeking disclosure and on the "policy considerations for grand jury secrecy as they apply to the request for disclosure under consideration." 345 F.2d 18, 21 (9th Cir. 1965). The court held: "[I]f the reasons for maintaining secrecy do not apply at all in a given situation, or apply to only an insignificant degree, the party seeking the disclosures should not be required to demonstrate a large compelling need." Id.

In this instance, the policy considerations requiring secrecy are inapplicable with respect to those witnesses who may testify at sentencing proceedings because the case has been charged. See Dynavac, 6 F.3d at 1412 ("When the grand jury investigation is already terminated and an indictment has been issued, only 'institutional' concerns are implicated by the documentary disclosure.") (citation omitted). Moreover, disclosure of the grand jury testimony to defense counsel, who has requested such disclosure, would be in the interest of justice and allow defense counsel material necessary to the defense in advance of litigation.

For the foregoing reasons, the government respectfully requests that this Court issue an order authorizing the government to provide defense counsel with a copy of grand jury testimony of witnesses the government may call at sentencing.

**DECLARATION OF AUSA DANIEL J. O'BRIEN**

I, AUSA Daniel J. O'Brien, declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California and am assigned to the prosecution of United States v. Imaad Shah Zuberi, CR No. 19-642-VAP. I make this declaration in support of the government's ex parte application for an order permitting disclosure of a grand jury transcript.

2. I expect that the Government may call at sentencing witnesses who testified before the grand jury during the investigation of this case. Such testimony constitutes a statement under the Jencks Act, 18 U.S.C. § 3500, which the government is required to provide to the defendant.

3. On or about October 30, 2019, I contacted defense counsel, Evan Davis, and informed him that the government would be filing the present ex parte application and asked for his position on the ex parte nature of the application. Defense counsel informed me that he does not oppose the application or the ex parte nature of the application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on October 30, 2109.

_____
AUSA Daniel J. O'Brien