EVAN J. DAVIS, ESQ., State Bar No. 250484
HOCHMAN SALKIN TOSCHER PEREZ P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212-3414
Telephone: (310) 281-3200
Facsimile: (310) 859-1430
E-mail: davis@taxlitigator.com

THOMAS P. O'BRIEN, ESQ. State Bar. No. 166369
BROWNE GEORGE ROSS LLP
801 South Figueroa Street Suite 2000
Los Angeles, CA 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808
E-mail: tobrien@bgrfirm.com

Attorneys for Defendant
IMAAD SHAH ZUBERI

HOCHMAN SALKIN TOSCHER PEREZ P.C.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>vs.<br>IMAAD SHAH ZUBERI,<br>Defendant. | CASE NO.: 19-cr-00642-VAP<br>*EX PARTE* OPPOSED MOTION TO CONTINUE CHANGE-OF-PLEA HEARING<br>Current Hearing Date: November 22, 2019 at 2:00 PM<br>Proposed Hearing Date: December 6, 2019 at 2:00 PM |

Defendant Imaad Shah Zuberi requests a short delay of his change-of-plea hearing to allow the U.S. Department of Justice ("DOJ") to find a single voice – not New York and Los Angeles voices speaking over each other – so he can globally resolve all potential charges instead of being subject to serial prosecutions for the identical conduct by different offices of the DOJ. The government opposes this *ex parte* request. As the current change-of-plea hearing is scheduled for November 22, 2019, Mr. Zuberi requests that the Court hear this request during that hearing, unless it rules on the papers beforehand.

HOCHMAN SALKIN TOSCHER PEREZ P.C.

## I. The Plea Agreement

Defendant Imaad Shah Zuberi signed a plea agreement ("Plea Agreement") with the U.S. Attorney's Office for the Central District of California (the government or "CDCA USAO") on October 6, 2019, committing to plead guilty to three counts: tax evasion, a campaign-finance offense, and a Foreign Agent Registration Act ("FARA") offense related to Sri Lanka conduct. The Plea Agreement followed months of plea negotiations, during which Mr. Zuberi was also in contact with the U.S. Attorney's Office for the Southern District of New York ("SDNY USAO"), which had informed him in 2018 that he was a subject of its investigation into contributions to the Trump inaugural committee. At no time during his plea negotiations with the CDCA USAO, of which the SDNY USAO was also aware, did the SDNY USAO inform Mr. Zuberi of any change of status in its investigation. In fact, as recently as early October 2019, days before signing the Plea Agreement, Mr. Zuberi inquired with the SDNY USAO of his status in that district. The SDNY USAO confirmed that there had been no change in his status, meaning he remained a subject and not a target.

The Plea Agreement Mr. Zuberi signed on October 6, 2019, contains non-prosecution language in which the government commits not to prosecute defendant for obstruction of justice. (Docket No. 5 at ¶ 5(d).) Lead prosecutor Assistant United States Attorney Daniel O'Brien informed Mr. Zuberi that at sentencing the government would raise uncharged alleged FARA violations regarding other countries and would seek a two-point obstruction Guideline enhancement (the latter of which is memorialized in Paragraph 22(e) of the Plea Agreement). (Id. at ¶ 22(e).) The Plea Agreement, which requires Mr. Zuberi to plead guilty at the earliest

opportunity provided by the Court,[1] also states under the NO ADDITIONAL AGREEMENT heading that there are no other understandings between the two sides. (*Id*. at ¶ 2(b), 38.) As is common in such plea agreements, the agreement recites that it only binds the CDCA USAO, although DOJ policy requires that the tax and FARA charges to which Mr. Zuberi agreed to plead guilty be approved by relevant divisions of Main Justice in Washington, D.C. (*Id*. At Para. 1.)

## II. The SDNY USAO Surfaced Immediately After the CDCA Plea Agreement

On the same day the CDCA USAO filed the Plea Agreement, October 22, 2019, the SDNY USAO contacted Mr. Zuberi's New York lawyers and informed them for the first time that Mr. Zuberi was now a target of its investigation. Instead of campaign finance charges, the SDNY USAO was now asserting that it intended to charge Mr. Zuberi with obstruction of justice, <u>the very charge for which the CDCA USAO had promised in the Plea Agreement not to prosecute Mr. Zuberi</u>. Further, the alleged obstructive act occurred not in Manhattan but instead in Orange County, in the heart of the CDCA, and the CDCA USAO apparently knew about the act before agreeing not to prosecute any obstruction of justice.

Since October 22, while discussing whether Mr. Zuberi would agree to plead guilty to obstruction in the SDNY for his Orange County conduct, the SDNY USAO unveiled yet another possible new charge: a different prosecutor in the same small unit of the SDNY USAO was considering charging Mr. Zuberi for a FARA violation, regardless whether he pled to obstruction of justice for the Orange County conduct. This "new" purported FARA violation appears to be a subset of the same FARA conduct that the

[1] Mr. Zuberi will appear whenever ordered by the Court and is not breaching the plea agreement by asking the Court to reset the change-of-plea hearing.



HOCHMAN SALKIN TOSCHER PEREZ P.C.

CDCA USAO has alleged against Mr. Zuberi. Not surprisingly, springing two potential new SDNY charges – based on conduct included in his CDCA case that the SDNY USAO could have raised before Mr. Zuberi executed a CDCA-specific plea agreement – has reopened once-closed plea discussions and shaken Mr. Zuberi's faith that the DOJ won't move the goalposts yet again.

**III. Connection to the CDCA**

The potential SDNY charges are connected to the CDCA by more than sharing the identical underlying facts. The SDNY USAO further discussed having Mr. Zuberi execute a plea agreement to the SDNY count or counts, and then seeking a Rule 20 transfer to the CDCA and low-numbering to this Court for a plea and sentencing concurrent with his existing CDCA case. This would amount to an after-the-fact package deal with both districts – a deal that was available for both districts to negotiate for months leading up to Mr. Zuberi's CDCA-specific plea but that surfaced only after he had fully resolved the matter with the CDCA USAO.

**IV. Negotiations Continue, but the CDCA USAO Wants the Change-of-Plea to Go Forward Now, Prejudicing Mr. Zuberi**

Mr. Zuberi's counsel have approached the SDNY and CDCA USAOs to attempt to resolve this last-minute goalpost-shifting and resulting violation of the spirit, if not the letter, of the Plea Agreement. We are still trying to obtain clarity so we can discuss a possible resolution.

Although the CDCA USAO is not encouraging the SDNY USAO's possible new charges based on facts underlying the CDCA case, the CDCA USAO refuses to agree to a short delay in the change-of-plea date to allow Mr. Zuberi and the SDNY USAO to work out either no charges or a possible after-the-fact package deal encompassing both districts. As this Court recognizes, separately charging or sentencing Mr. Zuberi could impact his





HOCHMAN SALKIN TOSCHER PEREZ P.C.

criminal history and his Guideline calculations, which are issues that should be resolved before, not after, he pleads guilty. For that matter, it should have been resolved before he was presented with any plea agreement. Mr. Zuberi is prejudiced by the unnecessary push for a quick CDCA guilty plea.

The government would not be prejudiced by a short delay. Mr. Zuberi has posted a cash bond of $3 million, has complied with his pretrial release conditions, and will appear for any change-of-plea hearing. The CDCA USAO's insistence that Mr. Zuberi plead while the possibility of identical SDNY charges remain unresolved, advances solely the CDCA USAO's desire to move its case along without regard to the impact on Mr. Zuberi. But Mr. Zuberi didn't change the deal – the United States government did – and his status as a defendant does not strip him of his right to be treated fairly.

Finally, the fact of these new possible SDNY charges – including an obstruction count that the CDCA USAO agreed not to prosecute – based on conduct within the CDCA and with a possible Rule 20 disposition in this Court, has made the Plea Agreement's earlier representation of "no additional agreements" no longer true. Mr. Zuberi's deal with the government is now up in the air. The CDCA USAO will no doubt assert that it has not changed the deal, but the DOJ, of which the CDCA and SDNY USAOs are both a part, has pulled a collective bait and switch on Mr. Zuberi. Even if this was not an intentional move by anyone involved, Mr. Zuberi should not be strong-armed into pleading guilty while the possible SDNY charges based on a subset of the CDCA conduct remain unresolved.

Mr. Zuberi wants to put his conduct behind him, make amends, and be sentenced, but he also wants finality. A short delay of two weeks should be sufficient to obtain clarity regarding whether the SDNY USAO will insist on new charges, what the charge or charges would be, and whether they would

transfer charges to the CDCA by Rule 20. If they insist on charges, then Mr. Zuberi should be given a short but reasonable time to determine a course of action based on all charges facing him.

DATED: November 21, 2019

HOCHMAN SALKIN
TOSCHER PEREZ P.C.

By: /s/ Evan J. Davis
EVAN J. DAVIS

BROWNE GEORGE ROSS, LLP

By: /s/ Thomas P. O'Brien
THOMAS P. O'BRIEN

Attorneys for Defendant
IMAAD SHAH ZUBERI

HOCHMAN SALKIN TOSCHER PEREZ P.C.