NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2468
     Facsimile: (213) 894-2927
     E-mail:    daniel.obrien@usdoj.gov
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. CR 19-642-VAP |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR CONTINUANCE OF PLEA |
| v. | |
| IMAAD SHAH ZUBERI, | |
| Defendant. | |

   The government has carefully considered the objections raised by defendant Zuberi ("defendant") in his motion filed on the eve of his change of plea.  The defendant is entitled to request a continuance of the change of plea and the court may wish to continue it given the circumstances recited by defendant.  However, if defendant is not prepared to plead guilty on November 22, 2019, as

required by the plea agreement, the U.S. Attorney's Office for the Central District of California ("CDCA") is entitled to declare a breach and intends on doing so.

In the event the plea does not occur as scheduled, CDCA requests that the court set a trial date within the Speedy Trial Act, which CDCA calculates as Wednesday, January 8, 2020.  Given the usual court schedule, the CDCA requests a trial date of Tuesday, January 7, 2020, with the understanding that CDCA intends to bring a superseding indictment in this matter.

The CDCA anticipates that it would obtain such a superseding indictment sometime before the Christmas holiday and that the indictment would allege wire fraud, additional FARA violations, money laundering, asset forfeiture, and obstruction of justice charges.

There are important reasons why CDCA is responding to defendant's motion in this manner.  CDCA is sensitive to the issues raised by defendant.  However, the situation is not entirely what the defendant claims it to be.  First, the defendant had ample notice of the intentions of the U.S. Attorney's Office for the Southern District of New York ("SDNY") to pursue its own investigation against defendant.  Second, to the extent defendant is entitled to a remedy for actions taken by SDNY, such remedies should apply to actions brought by SDNY, not a plea agreement independently entered into between defendant and CDCA.  Third, because SDNY's contemplated charges are, according to defendant, redundant to those CDCA and defendant agreed to litigate at sentencing, the CDCA cannot identify a scenario in which any Rule 20 plea would result in an increased sentencing guideline calculation or criminal history

2

enhancement for defendant in the matter currently before this Court. Fourth, CDCA believes, based on defendant's past conduct, that defendant is exploiting this situation to engage in delay, something he has engaged in on repeated occasions over the last two and a half years.

1. <u>Defendant Had Notice</u>

Defendant has been generally aware of SDNY investigations since March 30, 2018 when, in an email, the defense informed CDCA that SDNY had identified defendant as a target of an investigation into Federal Election Campaign Act ("FECA") violations.  Since that time, in addition to seven attorneys defendant retained to address allegations raised in the CDCA investigation and prosecution, defendant retained two attorneys in New York to represent him in connection with the SDNY investigation.

Although defendant asserts that SDNY has now shifted its investigation to two other issues already addressed in the CDCA plea agreement, obstruction and additional Foreign Agent Registration Act ("FARA") violations, defendant was well aware that SDNY's investigation involved these other matters prior to defendant executing his plea agreement with CDCA.  On November 12, 2018, defense counsel was informed that he was a subject of a FARA investigation conducted by SDNY and made a voluntary production of documents to SDNY in connection with that investigation shortly

thereafter.[1] According to press reports,[2] defendant became aware of SDNY's underlying investigation that gives rise to SDNY's obstruction claim in February 2019.

### 2. SDNY Is Not a Party

SDNY is not a party to the CDCA plea agreement and defendant was well aware of that fact. The plea agreement is clear that no office is bound by its terms other than CDCA. Consequently, SDNY has the power to charge defendant with any offense defendant may have committed in New York (subject to limitations placed upon it by the Department of Justice's policies). In the event SDNY's conduct violates some policy or tenet of law, any remedy should applied to SDNY's actions, not the plea agreement entered between defendant and CDCA.

### 3. Defendant Will Not Impact His Guideline Calculations

Defendant's argument that SDNY seeks to charge an obstruction of its FECA investigation and a FARA violation, both of which consist of small portions of larger obstruction and FARA issues defendant and CDCA already agreed to litigate at sentencing, demonstrates why any Rule 20 plea would not increase the sentencing guideline calculations in the case.

---

[1] CDCA is unfamiliar as to the precise nature of SDNY's FARA investigation. On November 22, 2019, SDNY informed CDCA that rather than "unveil[ing] yet another possible new charge," as claimed by defendant in his motion for continuance, it was defense counsel who recently raised the issue of the SDNY-FARA investigation and "asked that he be immunized."

[2] *See* New York Times article, dated February 5, 2019, "Democratic Donor Who Pivoted to Trump Draws Scrutiny in Inaugural Inquiry."

CDCA will present evidence at sentencing that defendant obstructed the CDCA investigation by paying, or offering to pay, $6,150,000 to six witnesses in return for their false testimony or silence. If the Court agrees the defendant obstructed CDCA's investigation, defendant will receive the two-point offense-level enhancement for obstructing justice.

The $6,150,000 in payoffs include a $50,000 payment to one witness that forms the basis of SDNY's contemplated charge. Should defendant be charged with and convicted for an obstruction of SDNY's investigation into FECA violations, the sentencing guideline calculation will depend upon whether defendant committed the underlying offense SDNY was investigating. In the event defendant committed the underlying FECA offense, it would be relevant conduct to the broader FECA offenses charged in the CDCA case and a two-point enhancement for obstruction would be applied, just as is currently anticipated in the CDCA plea agreement. In the event defendant did not commit the underlying FECA offense under investigation by SDNY, the obstruction of that investigation would result in a guideline offense level of 14, so far below the guideline calculations presently contemplated by the CDCA plea agreement, that no additional enhancement would be applied.

CDCA will present evidence at sentencing that defendant acted as an unregistered agent not only for Sri Lanka, as defendant admits in his factual basis, but also a Bahraini national, the Turkish government, Libyan government officials, a Ukraine national, and Pakistani nationals. This evidence would not result in a sentencing guideline enhancement, but would constitute aggravating conduct the court should consider at sentencing.

Should defendant be charged and convicted with a FARA offense in connection with SDNY's investigation, there would be no guideline enhancement and the aggravating conduct would appear *de minimus* to that presented in connection with the CDCA investigation.

A Rule 20 plea, as envisioned by SDNY and defendant, would not impact defendant's criminal history calculations, as CDCA would not oppose a joinder of the matters for purposes of sentencing.

4. <u>Defendant Has Consistently Pursued Delay</u>

CDCA believes that defendant is purposely exploiting the issues raised by SDNY's intervention. From April 2017 through February 2019, defendant engaged in a variety of stalling tactics that delayed the CDCA investigation. Most importantly, at the request of defendant, the government refrained from issuing various third party subpoenas that might cause the investigation to become overt. As will become clear when CDCA files its sentencing position in this case (either after a plea or after trial), defendant used that delay to obstruct the CDCA investigation, either by paying or offering to pay a combined total of $6,150,000 to six different percipient witnesses. Shortly before, and even after, defendant's execution of the plea agreement, CDCA has been contacted by other government agencies who reported that other attorneys retained by defendant (neither those involved in the CDCA or SDNY investigations) were requesting that the entry of a plea be delayed for reasons entirely independent of those raised in the instant motion.

While defendant claims to seek merely a two-week delay, given defendant's history and the involvement of a separate U.S. Attorney's Office that may have different concerns or views than those held by CDCA, there appears to be no realistic likelihood that

the "short" proposed delay will resolve the concerns raised by defendant.³  Defendant receiving one two-week delay will turn into him seeking a longer one.

5. Conclusion

The plea agreement requires defendant to plead guilty "at the earliest opportunity requested by the USAO and provided by the Court."  For the reasons expressed above, CDCA believes that defendant's refusal to honor the plea agreement as scheduled constitutes a material breach of the plea agreement and it should be permitted to avail itself of all remedies set forth in that agreement.

Dated: November 22, 2019          Respectfully submitted,

                                  NICOLA T. HANNA
                                  United States Attorney

                                  BRANDON D. FOX
                                  Assistant United States Attorney
                                  Chief, Criminal Division
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                       /s/
                                  DANIEL J. O'BRIEN
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA

---

³ Indeed, as indicated in footnote one, SDNY has not yet determined whether its investigation will lead to it recommending FARA charges against defendant.