THOMAS P. O'BRIEN, State Bar No. 166369
IVY A. WANG, State Bar No. 224899
BROWNE GEORGE ROSS LLP
801 South Figueroa Street Suite 2000
Los Angeles, CA 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808
E-mail: tobrien@bgrfirm.com

EVAN J. DAVIS, State Bar No. 250484
HOCHMAN SALKIN TOSCHER PEREZ P.C.
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212-3414
Telephone: (310) 281-3200
Facsimile: (310) 859-1430
E-mail: davis@taxlitigator.com

Attorneys for Defendant
IMAAD SHAH ZUBERI

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO.: 19-cr-00642-VAP |
|---|---|
| Plaintiff, | MOTION TO STRIKE GOVERNMENT'S SENTENCING POSITION OR, IN THE ALTERNATIVE, TO LIMIT THE GOVERNMENT TO THIS SINGLE SENTENCING POSITION |
| v. | |
| IMAAD SHAH ZUBERI, | |
| Defendant. | Hearing Date: None Requested |

On December 13, 2019, the government filed what it would like to be the first of many sentencing briefs: a 30-page argument with attached exhibits that asserts the Court should impose a two-point Guideline enhancement for obstruction of justice. (Docket No. 40.) This oversized brief came before the Probation Office has circulated a draft PSR, and presages hundreds of pages of sentencing briefing by the government, which has identified eight additional disputed Guideline or factual issues. The government opposes this motion to strike.

1389976.2

Instead of seeking the Court's permission to file a single, 300-page sentencing brief, the government obviously intends to roll out a series of lengthy briefs on issues before the Probation Office has an opportunity to evaluate both sides' positions on these disputed issues. The government's actions suggest that it believes the Probation Office and the PSR are irrelevant to the process.

This novel approach contravenes Local Rules, local practice, and this Court's guidance on sentencing positions. In every other criminal case, the parties submit evidence and arguments to the Probation Officer, who prepares a draft PSR. After reviewing the PSR, the parties determine whether they agree or disagree with its findings, and, <u>if</u> they disagree – which is not preordained even if an issue is left open in a plea agreement – then they file objections to the PSR. The Probation Officer then prepares an addendum or revised PSR and responds to any objections. With PSR in hand, the parties file sentencing positions and, if desired, responses to the other side's sentencing position. The Court's webpage sets out the default deadlines: 21 days before sentencing for sentencing positions and PSR objections, and 14 days before sentencing for any responses thereto. https://www.cacd.uscourts.gov/honorable-virginia-phillips (visited 12/16/2019). These sentencing briefs are subject to the same page limitations as other briefs in L.R. 11-6, namely: "No memorandum of points and authorities, pre-trial brief, trial brief, or post-trial brief shall exceed 25 pages in length, excluding indices and exhibits, unless permitted by order of the judge."

The government's first salvo bypasses this well-established process, resulting in the supposedly confidential PSR-drafting process being played out in public filings. The government's cart-before-the-horse approach generates a host of concerns:

- If the government and the defense present their evidence to the Probation Officer and the Probation Officer agrees with one side in the PSR, it is possible that the losing side may not challenge the PSR. As a result, premature briefing on the later-undisputed issue would be a waste of time and resources for all involved.  Mr. Zuberi is trying to raise $16 million to pay his taxes, so having to spend money on legal fees for unnecessary briefing harms both him and the taxpayers.
- Sentencing positions are briefs subject to the same page limitations as others, and the government should not be permitted to file a series of shorter sentencing positions to avoid the reality that it wants to file a sentencing position hundreds of pages long.  Courts are faced with enough paper even when parties comply with the rules and allowing rule-circumvention here would open a door to limitless sentencing briefing.  It would also encourage the defense to respond in kind.
- Mr. Zuberi has received very little, if any, discovery on some of the nine issues flagged by the government.  There will be overlap in witnesses, so rolling out one issue and one set of one-sided evidence at a time means that witnesses will have to interviewed repeatedly, as each new sentencing brief drops.
- Publicly filing the documents gives potential witnesses notice of issues before the defense can interview them, including through continuing press coverage of this case, which could affect their testimony.
- The resulting publicity also could make witnesses, many of whom are overseas, even more reticent to testify to avoid further publicity. Many of the government's assertions rely on witnesses not available through a domestic subpoena, so the government could benefit by publicizing allegations and preventing the cross-examination of their

1389976.2

3

MOTION TO STRIKE GOVERNMENT'S SENTENCING POSITION OR, IN THE ALTERNATIVE, TO LIMIT THE GOVERNMENT TO THIS SINGLE SENTENCING POSITION

- witnesses or even the defense calling witnesses to refute allegations such as tampering.

- If Mr. Zuberi responds to these briefs 14 days before sentencing as contemplated by local rules, then the government will have months to shape both press coverage – a theme that will be demonstrated to the Court at the appropriate time – and this Court's perception of Mr. Zuberi.  Mr. Zuberi may have little option other than to wait to file his sole permitted opposition, given the lack of discovery and the commensurate time and effort needed to refute the government's allegations.  He is faced with a difficult choice: should he dispute the government's allegations with the limited evidence at his fingertips and prevent the public and the Court from internalizing the government's allegations, or should he wait until he has more evidence to create a more-compelling opposition after most of the damage of any false accusations has been done?  Mr. Zuberi should not be compelled to make this choice due to the government's desire to fire piecemeal allegations at Mr. Zuberi on its own timetable, instead of the timetable followed in every other case.

As a result, the Court should strike the government's premature and oversized sentencing position, and insist that the government work through the normal process of waiting for the PSR before filing any sentencing brief in accordance with the local rules on page limitations.  In the alternative, and as the government should only be given a single sentencing position in this case as in any other, the Court should consider this brief as the government's only sentencing brief.

//

//

1389976.2

4

MOTION TO STRIKE GOVERNMENT'S SENTENCING POSITION OR, IN THE ALTERNATIVE, TO LIMIT THE GOVERNMENT TO THIS SINGLE SENTENCING POSITION

Respectfully submitted,

DATED: December 26, 2019

BROWNE GEORGE ROSS, LLP

By: /s/ Thomas P. O'Brien
   THOMAS P. O'BRIEN

Attorneys for Defendant
IMAAD SHAH ZUBERI

HOCHMAN SALKIN TOSCHER PEREZ P.C.

By: /s/ Evan J. Davis
   EVAN J. DAVIS

1389976.2

5

MOTION TO STRIKE GOVERNMENT'S SENTENCING POSITION OR, IN THE ALTERNATIVE, TO LIMIT THE GOVERNMENT TO THIS SINGLE SENTENCING POSITION