1  THOMAS P. O'BRIEN, State Bar No. 166369
   IVY A. WANG, State Bar No. 224899
2  BROWNE GEORGE ROSS LLP
   801 South Figueroa Street Suite 2000
3  Los Angeles, CA 90017
   Telephone: (213) 725-9800
4  Facsimile: (213) 725-9808
   E-mail: tobrien@bgrfirm.com
5
   EVAN J. DAVIS, State Bar No. 250484
6  HOCHMAN SALKIN TOSCHER PEREZ P.C.
   9150 Wilshire Boulevard, Suite 300
7  Beverly Hills, California 90212-3414
   Telephone: (310) 281-3200
8  Facsimile: (310) 859-1430
   E-mail: davis@taxlitigator.com
9
   Attorneys for Defendant
10 IMAAD SHAH ZUBERI

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 19-cr-00642-VAP |
| Plaintiff, | REPLY IN SUPPORT OF MOTION TO STRIKE GOVERNMENT'S SENTENCING POSITION |
| v. | |
| IMAAD SHAH ZUBERI, | Hearing Date: None Requested |
| Defendant. | |

The government concedes in its response to defendant Imaad Shah Zuberi's motion to strike the government's premature and oversized sentencing brief ("Motion") (Dkt #44), that it has departed from the established process and timeline for sentencing briefing, but blames its actions on the "unusual" circumstances of this case. Government's Response to Motion to Strike (Dkt #54) ("Opp.") at 3. There is nothing unusual, however, about a post-plea sentencing in which the parties have already stipulated in a plea agreement to sentencing guidelines factors and will only litigate a handful of specific offense characteristics and

adjustments. For the reasons stated below and in the Motion, this Court should not allow the government to violate the local rules or Federal Rule of Criminal Procedure 32 through the premature filing of multiple oversized sentencing briefs.

**I. Government's Decision to Leave Sentencing Enhancements Open for Argument Does Not Justify Circumventing the Court's Page Limits**

The government was not forced to extend, much less enter, into a plea agreement that left five sentencing factors open for argument at sentencing. Apart from the fact that there is nothing "unusual" about leaving certain factors open for argument at sentencing, the government's decision to do so does not justify it filing approximately 131 pages[1] of sentencing briefs without any regard for Local Rule 11-6, which limits memoranda of points and authorities and post-trial briefs to 25 pages in length, absent leave of the Court. The government attempts to circumvent this rule by analogizing its filing multiple sentencing briefs to a defendant filing separate motions to dismiss, suppress, sever, etc. Opp. at 6. This analogy is nonsense. Unlike individual motions for distinct remedies, all of the government's sentencing briefs have one objective: to persuade the Court to impose a particular sentence requested by the government. The government's approach is more analogous to filing a separate brief for each argument in support of one overarching motion to suppress. Just as a defendant cannot file five 25-page briefs in support of such a motion under the local rules, the government here should not be allowed to file multiple sentencing briefs in excess of the 25-page limit without explicit leave of this Court.

---

[1] The government has already filed an oversized brief of 31 pages (Dkt #40), and states that it anticipates filing "four additional position papers" that will purportedly not exceed 25 pages each. Opp. at 5.

Courts in the Ninth Circuit have repeatedly admonished parties for attempting to circumvent page limits through multiple briefs. *See Vaccarino v. Midland Nat. Life Ins. Co.*, 2014 WL 572365 at *4 (C.D. Cal. Feb. 3, 2014) ("Counsel are admonished not to circumvent page limits by filing multiple motions which purport to address separate issues in a case."); *New Show Studios LLC v. Needle*, 2014 WL 2988271 at *1 n. 1 (C.D. Cal. June 30, 2014) (same); *Olin Corp. v. Continental Cas. Co.*, 2012 WL 2884803 at *2 (D. Nev. July 12, 2012) (denying motions without prejudice because party "chose to ignore the [page limitation] rule and instead circumvent the purpose of the rule by filing multiple documents for the same motion.").

In *United States v. Sierra Pacific Industries*, 2012 WL 175071 at *1 (E.D. Cal. Jan. 20, 2012), the court struck a party's motions for trying to circumvent the page limit by filing multiple briefs. *Id*. It also ordered the parties to show cause why sanctions should not be imposed. *Id*. The court explained that it is "well known, '[t]he court's caseload is substantial and judicial resources are limited;' the court should not be tasked with resolving a dispute 'in which [a party] intentionally and casually breaches court rules." *Id*. (quoting *Whitsitt v. Vinotheque Wine Cellars*, 2007 WL 2288128 (E.D. Cal. Aug. 7, 2007). "Every paper filed with the [court], no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interest of justices." *Id*. (quoting *In re McDonald*, 489 U.S. 180, 184 (1989)). The Court should address the government's casual disregard for the Court's rules and limited resources by striking its brief and/or requiring leave for any further briefing on sentencing.

## II. The Government's Premature Filing Violates Rule 32

The government notes that "[t]he court's webpage does not require the government to delay filings until after the [presentence report ("PSR")]; rather, it establishes a <u>deadline</u> of 21 days prior to sentencing. The government has complied with that deadline." Opp. at 6 (emphasis in original). Thus, according to the government, its brief is timely.

However, the government pointedly ignores Federal Rule of Criminal Procedure 32, which governs the procedure for sentencing and judgment. Rule 32 provides that the probation officer must conduct an investigation and then submit a PSR. Fed. R. Crim. P. 32(c)-(d). Thereafter, "[w]ithin 14 days *after* receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report." Fed. R. Crim. P. 32(f) (emphasis added). In addition, "at sentencing," the court "must allow the parties' attorneys to comment on the probation officer's determinations and other matters relating to an appropriate sentence." Fed. R. Crim. P. 32(i)(1)(c). Notably, Rule 32 does not provide for any briefing prior to the PSR, as the government has done here.

Why the premature briefing, then? The defense can only speculate that the government's brief is, among other things,[2] an attempt to shape the probation officer's sentencing recommendation in the PSR. The impropriety of such briefing is reinforced by the presumption of confidentiality over

---

[2] The government also appears to welcome the media publicity surrounding its filings, explaining that "[p]ublic airings are an important aspect of a defendant's punishment and promote both general and specific deterrence." Opp. at 11. Setting aside whether a "public airing" should be an objective of a defendant's sentencing, the government should not be usurping this Court's role in determining the proper "punishment" for Mr. Zuberi.

PSRs. *United States v. Schlette*, 842 F.2d 1574, 1579 (9th Cir. 1988) ("[A] strong presumption in favor of confidentiality [of presentence reports] has been established by the courts."); *see also In re Morning Song Bird Food Litig.*, 831 F.3d 765, 773 (6th Cir. 2016) ("Federal courts consistently acknowledge that PSRs occupy a unique position that falls outside the scope of both the First Amendment and the common law rights of access."). There are at least three reasons for this presumption of confidentiality: "(1) the defendant's interest in privacy and in preventing the dissemination of inaccurate information, (2) law enforcement's and cooperating informants' interest in confidentiality, and (3) the sentencing court's interest in encouraging the free flow of information during the presentencing process." *In re Morning of Song Bird Food Litig.*, 831 F.3d at 773; *see also U.S. Dept. of Justice v. Julian*, 486 U.S. 1, 13 (1988) (courts have been reluctant to give access to PSRs to third parties because of "fear that disclosure of the reports will have a chilling effect on the willingness of individuals to contribute information that will be incorporated into the report"); *In re Nichter*, 949 F. Supp. 2d 205, 208-09 (D.D.C. 2013) ("[C]ourts fear that making PSRs publicly available may have a chilling effect on individuals whose information is contained in the reports, that errors and information about uncharged crimes contained in PSRs may needlessly harm a defendant's reputation, that PSRs may contain information gathered by the grand jury that is otherwise secret, and that PSRs might include facts obtained from confidential informants."); *People v. Connor*, 115 Cal. App. 4th 669, 688-89 (2004) (federal courts hold that "confidentiality is considered necessary to ensure the full and free flow of relevant information from a variety of other people, including the defendant, informants, and family members, whose willingness to provide information would be inhibited if they feared disclosure").

While the government's premature and publicly filed brief does not constitute the PSR itself, it is clearly part of the government's effort to participate in the process of creating the PSR.  As such, the aforementioned policy reasons for confidentiality should still apply, and the government should not be allowed to file such briefs.  All of the sentencing-related information the government purportedly wants to provide to the defense or the Court can be done by way of discovery and providing relevant materials directly to the Probation Office (in response to the Probation Office's request for input on the PSR).  This Court should strike the government's brief for violating Rule 32 and breaching the presumption of confidentiality surrounding the PSR.

**III. The Government Can Provide Pertinent and Relevant Facts in Accordance with the Rules**

The government contends hyperbolically that Mr. Zuberi's requested relief "[w]ould [u]ndermine [justice] and [c]onceal [p]ertinent [f]acts," "silenc[e] his adversary and keep[] the court in the dark with respect to facts pertinent to sentencing." Opp. at 12.  Nothing could be further from the truth.  The government is free to provide an unlimited amount of pertinent and relevant information regarding the defendant to the Probation Office, an arm of the Court, for the preparation of the PSR and the probation officer's sentencing recommendation.  After the information is evaluated and presented in a PSR, the government may file a 25-page sentencing brief with an unlimited number of exhibits.  The government may then file another 25-page response to Mr. Zuberi's position regarding the PSR.  Courts in this district have managed to oversee the sentencing of countless defendants in more complex cases – some even after a trial, when *no sentencing factor is stipulated to* by the defendant – under the above-described briefing process without undermining justice.  Obviously, this Court has the discretion to

alter the timetable and page limits for briefing for Mr. Zuberi's sentencing. But the government does not have unilateral discretion to do so itself because it happened to leave certain enhancements open for argument at sentencing in its plea agreement. This Court should therefore strike the government's premature and oversized sentencing brief.

**IV. Conclusion**

For the reasons stated above and in the Motion, this Court should strike the government's premature and oversized sentencing position, and insist that the government work through the normal process of waiting for the PSR before filing any sentencing brief in accordance with the local rules on page limitations. In the alternative, this Court should consider this brief as the government's only sentencing brief.

Respectfully submitted,

DATED: January 17, 2020

BROWNE GEORGE ROSS, LLP

By: /s/ Thomas P. O'Brien
    THOMAS P. O'BRIEN

HOCHMAN SALKIN TOSCHER PEREZ P.C.

By: /s/ Evan J. Davis
    EVAN J. DAVIS

Attorneys for Defendant
IMAAD SHAH ZUBERI

1400888.1

7

REPLY IN SUPPORT OF MOTION TO STRIKE GOVERNMENT'S SENTENCING POSITION