NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Deputy Chief, Public Corruption & Civil Rights Section
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2468/7383
     Facsimile: (213) 894-2927
     E-mail:   daniel.obrien@usdoj.gov
     E-mail:   elisa.fernandez@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 19-642-VAP |
| Plaintiff, | (AMENDED) GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER CORRECTING CLERICAL ERROR RE CONDITIONS OF RELEASE FOR DEFENDANT IMAAD SHAH ZUBERI; DECLARATION OF DANIEL J. O'BRIEN; [PROPOSED] ORDER LODGED CONCURRENTLY |
| v. | |
| IMAAD SHAH ZUBERI, | |
| Defendant. | |
| | Hearing Date: None Requested |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Daniel J. O'Brien and Elisa Fernandez, hereby files, *ex parte,* an application for an order correcting clerical error re conditions of release for defendant Imaad Shah Zuberi, set forth in the court's bond and conditions of release order issued on October 30, 2019.

This *ex parte* application is based upon the attached memorandum of points and authorities, declaration of Elisa Fernandez, and the files and records in this case.

Dated: February 6, 2020          Respectfully submitted,

NICOLA T. HANNA
United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


          /s/
DANIEL J. O'BRIEN
ELISA FERNANDEZ
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government moves *ex parte* for an order correcting a clerical error re conditions of release for defendant Imaad Shah Zuberi ("defendant"), set forth in this court's bond and conditions of release order issued on October 30, 2019 (docket no. 12). The defense does not oppose this *ex parte* application. The parties do not request a hearing.

On October 30, 2019, at defendant's post-indictment arraignment hearing, the Honorable Magistrate Judge Charles F. Eick ordered, in part, as a condition of release, that defendant be "permitted to travel internationally only with the prior written authorization of the U.S. Attorney's Office." (*See* Exhibit 1, Reporter's Transcript ("RT") October 30, 2019 Information Hearing PIA, 10:13-15 (Clerk's Docket ("Dkt.") No. 70)). The same day, following defendant's arraignment hearing, the written minute order setting forth the bond and conditions of release contained a clerical error. (*See* Exhibit 2, Minutes of Information Hearing PIA October 30, 2019 (Dkt. No. 12)). Specifically, the October 30, 2019 minute order failed to specify that defendant could not travel internationally without prior written authorization from the U.S. Attorney's office.

The Court should correct the clerical error by issuing an order as follows:

> Defendant Imaad Shah Zuberi ("defendant") is permitted to travel internationally only with the prior written authorization of the U.S. Attorney's Office.
>
> In order to secure such authorization to travel, defendant must submit an itinerary to an Assistant United States Attorney appearing in this matter no later than three days before his intended departure reflecting the date of departure, places to

which he will be traveling, the dates of travel, the purpose of the travel, and dates of return to the United States.

Defendant's passport is to be surrendered to Thomas P. O'Brien forthwith.

The other terms and conditions of defendant's bond remain in effect.

## II. STATEMENT OF FACTS

On October 30, 2019, defendant appeared for his initial appearance before United States Magistrate Judge Charles F. Eick. The Court ordered defendant to post a $3,000,000 appearance bond and ordered additional conditions of release as follows:

> International travel is precluded between now and the defendant's change of plea.
> Thereafter, he is to be permitted to travel internationally only with the prior written authorization of the U.S. Attorney's Office.
> In order to secure that authorization, [defendant] must submit to the U.S. Attorney's Office an itinerary […] no later than three days before his . . intended departure. And the itinerary should reflect the date of departure, the . . place or places to which [defendant] will be traveling [and] . . the date of his return.
> The passport of the defendant is to be surrendered to Thomas P. O'Brien.

*See* Exhibit 1 (Dkt 70), RT 10/30/19 9:16 - 10:22).

Following arraignment, the October 30, 2019 minute order (Dkt. 12) set the terms of the $3,000,000 appearance bond (which was modified by stipulation on November 8, 2019[1]) and the following additional conditions of release:

---

[1] Initially, the $3,000,000 appearance bond consisted of: (1) a $3,000,000 Affidavit of Surety without Justification signed by the law firm of Hochman Salkin Toscher Perez P.C.and secured with funds deposited into Union Bank account XXXXX13016 was to be posted within 10 days of the October 30, 2019 hearing; and (2) Defendant was

2

>     (1) the surrender of all passports and travel
> documents to Attorney Thomas O'Brien; and
>
>     (2) No International travel between now & plea. Deft.
> Must submit itinerary to AUSA no later than 3 days of
> intended departure reflecting date of departure, dates of
> travel, purpose of travel & dates of return.

*See* Exhibit 2.

The minute order fails to reflect the purpose of the advance notice requirement, namely, the Court's order that defendant was "permitted to travel internationally *only with the prior written authorization of the U.S. Attorney's Office.*" *See* Exhibit 1 (Dkt 70), RT 10/30/19 10:13-15)(emphasis added).

On November 22, 2019, defendant pled guilty to an information charging violations of the Foreign Agents Registration Act ("FARA") in violation of 22 U.S.C. § 612, 618(a)(2), tax evasion in violation of 26 U.S.C. §§ 7201, and the Federal Election Campaign Act ("FECA") in excess of $25,000 in violation of 52 U.S.C. §§ 300116, 20118, 20121 and 30109(d)(1). *See* Dkt. No. 34.

On January 30, 2020, defendant, via an email from the defense, notified the U.S. Attorney's Office of the following travel itinerary:

> Departure:  Sunday, February 9, 2020, Emirates Flight EK216 Los Angeles, California to Dubai, UAE and continuing on Monday February 10, 2020 on Emirates Flight EK606 from Dubai, UAE to Karachi, Pakistan

---

precluded from making any claim on funds from the aforementioned bank account. *See* Exhibit 3, Order Modifying Conditions of Bond (Dkt. No. 20). On November 8, 2019, the Honorable Charles F. Eick, pursuant to a joint stipulation to modify the bond, the court ordered modification of the $3,000,000 appearance bond previously ordered to allow for a collateral bond consisting of "a deposit of $3,000,000 in United States currency with the United States District Court" with "All other conditions of the bond are to remain as previously ordered." *Id.* On November 14, 2019, the Clerk of Court for the United District Court for the Central District of California received $3,000,0000 into the registry of the Court. *See* Dkt. No. 24.

3

<u>Purpose</u>:   Attempt to help cover his tax obligation by meeting with potential buyers for Mr. Zuberi's real estate holdings in Pakistan

<u>Return</u>:   Wednesday, February 19, 2020, Emirates Flight EK603 from Karachi, Pakistan to Dubai, UAE, and continuing on Thursday February, 20, 2020, Emirates Flight EK215 from Dubai, UAE to Los Angeles, California

The United States Attorney has not approved the travel request.

**III. ARGUMENT**

The written minute order fails to reflect accurately the order issued by the court from the bench.  The minute order, as it stands, merely reflects the notice requirement set forth by the court.  The clerical error creates the misimpression that so long as defendant provides the U.S. Attorney's Office with a three-day notice of his intent to travel, defendant may leave the country.  In fact, the entire purpose of the advance notice was to provide a procedure through which the U.S. Attorney's Office could assess defendant's request for travel, because defendant was "permitted to travel internationally only with the prior written authorization of the U.S. Attorney's Office."

Accordingly, the government moves *ex parte* for an order correcting this clerical error and setting forth the Court's actual order as set forth in the transcript of defendant's October 30, 2019 arraignment hearing.  Specifically, the conditions of release should be amended to read as follows:

4

>	Defendant Imaad Shah Zuberi ("defendant") is permitted to travel internationally only with the prior written authorization of the U.S. Attorney's Office.
>
>	In order to secure such authorization to travel, defendant must submit an itinerary to an Assistant United States Attorney appearing in this matter no later than three days before his intended departure reflecting the date of departure, places to which he will be traveling, the dates of travel, the purpose of the travel, and dates of return to the United States.
>
>	Defendant's passport is to be surrendered to Thomas P. O'Brien forthwith.
>
>	The other terms and conditions of defendant's bond remain in effect.

**IV. CONCLUSION**

For the foregoing reasons, the government respectfully requests that this Court issue the proposed order correcting a clerical error re the conditions of release for defendant Imaad Shah Zuberi.

5

**DECLARATION OF DANIEL J. O'BRIEN**

I, DANIEL J. O'BRIEN, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am assigned to the matter of *United States v. Imaad Shah Zuberi*, CR 19-642-VAP.

2. Attached hereto as Exhibit 1 is a true and correct copy of a certified reporter's transcript of an October 30, 2019 Information Hearing PIA (post-indictment arraignment) for defendant Imaad Shah Zuberi (Clerk's Docket ("Dkt.") No. 70).

3. Attached hereto as Exhibit 2 is a true and correct copy of the Minutes of Information Hearing PIA October 30, 2019 (Dkt. No. 12).

4. Attached hereto as Exhibit 3 is a true and correct copy of Order Modifying Conditions of Bond (Dkt. No. 20).

5. On January 30, 2020, defendant, via an email from the defense, notified the U.S. Attorney's Office of the following travel itinerary:

> Departure: Sunday, February 9, 2020, Emirates Flight EK216 Los Angeles, California to Dubai, UAE and continuing on Monday February 10, 2020 on Emirates Flight EK606 from Dubai, UAE to Karachi, Pakistan
>
> Purpose: Attempt to help cover his tax obligation by meeting with potential buyers for Mr. Zuberi's real estate holdings in Pakistan
>
> Return: Wednesday, February 19, 2020, Emirates Flight EK603 from Karachi, Pakistan to Dubai, UAE, and continuing on Thursday February, 20, 2020, Emirates Flight EK215 from Dubai, UAE to Los Angeles, California

6. On February 6, 2020, I corresponded with Thomas P. O'Brien, counsel for the defendant who informed me that the defense does not

6

oppose the government's *ex parte* application to correct the clerical error.  As defendant is travel is presently scheduled for Sunday, February 9, 2020, the government requests that this application be ruled upon expeditiously.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on February 6, 2020.

_____
DANIEL J. O'BRIEN