NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Deputy Chief, Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2468
     Facsimile: (213) 894-2927
     E-mail:    daniel.obrien@usdoj.gov
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-642-VAP |
|---|---|
| Plaintiff, | GOVERNMENT'S POSITION RE ACCEPTANCE OF RESPONSIBILITY |
| v. | Date:      July 27, 2020 |
| IMAAD SHAH ZUBERI, | Time:      9:00 a.m. |
| Defendant. | Location:  Courtroom 8A |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, submits its Position Re Acceptance of Responsibility.

1

```
Dated: May 18, 2020                 Respectfully submitted,

                                    NICOLA T. HANNA
                                    United States Attorney

                                    BRANDON D. FOX
                                    Assistant United States Attorney
                                    Chief, Criminal Division


                                           /s/
                                    DANIEL J. O'BRIEN
                                    Assistant United States Attorney

                                    Attorneys for Plaintiff
                                    UNITED STATES OF AMERICA
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant's recent behavior has made it impossible for the government to recommend acceptance of responsibility at this time. Initially, the government intended to recommend acceptance despite defendant's obstruction because defendant not only agreed to plead guilty but also promised to mitigate the harm he had caused. Defendant agreed to file FARA registration statements for all covered activity, executed a closing agreement in which he became obligated to pay almost $16 million to the IRS, and began the process of liquidating real estate to pay this debt.  Since then, defendant has reneged on these obligations.  He has filed no additional FARA registrations, but instead frivolously denied lobbying work on behalf of several foreign entities and individuals.  Despite owning over $30 million in Southern California real estate, he has failed to put up for sale sufficient properties to meet his obligations and the February 1, 2020 deadline for payment has lapsed.  Defendant has frivolously litigated multiple sentencing issues in bad faith.  For example, he tendered a backdated document to the court in support of an audacious claim to have invested in a multi-billion dollar resort. All of these actions are contrary to criteria set forth in Sentencing Guideline 3E1.1 that are necessary for the court to impose a guideline level reduction for acceptance of responsibility.

**II.   ARGUMENT**

Defendant's pleas of guilty would have likely merited a reduction for acceptance of responsibility but for his more recent conduct.  An obstruction enhancement (U.S.S.G. § 3C1.1) is ordinarily

antithetical to a reduction for acceptance. U.S.S.G. § 3E1.1, Application Note 4. However, defendant's agreement with the IRS to pay restitution, penalties, and interest of nearly $16 million prior to February 1, 2020 and his agreement to file curative FARA registration statements might have made this an "extraordinary case" under which both the enhancement and reduction should apply. Id.

Unfortunately, defendant has not complied with the terms of his plea agreement. Despite owning over $30 million of real estate in Southern California, he failed to offer for sale sufficient properties to meet his obligations, offered property at prices that failed to generate a sale even after half a year on the market, and missed the stipulated deadline for making payment.[1] Defendant has made no additional FARA filings. Instead, his has falsely denied any FARA violations other than that to which he pleaded guilty. These failures impact several factors to be considered in assessing the applicability of the acceptance of responsibility guideline, including voluntary payment of restitution prior to adjudication of guilt, voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense, post-offense rehabilitative efforts, and the timeliness of the defendant's conduct in manifesting acceptance of responsibility. U.S.S.G. § 3E1.1, Application Note 1(B)-(H).

A reduction for acceptance of responsibility is also dependent upon defendant not falsely denying or frivolously contesting relevant conduct. "[A] defendant who falsely denies, or frivolously contests,

---

[1] Even after the government informed defense counsel it would extend the time for payment if defendant posted additional properties for sale, defendant took no apparent steps to meet his obligation.

2

relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 1(A). Defendant was well aware of his responsibilities in this regard. The plea agreement was not boilerplate, but specifically referenced the necessity of complying with Application Note 1(a). (Plea agreement, ¶5)

The government's response to defendant's objections to the Presentence Report ("PSR") filed on April 13, 2020[2] addresses the frivolity of defendant's objections. With respect to FARA offenses, defendant trumpeted a fantastic lie that he invested $700 million of his own money in a multi-billion dollar resort. (Defendant's Objections, pp. 17-18; Response Brief, pp. 23-24) The sole document relied upon by defendant to prove this claim was a backdated notarized contract filed with the court.[3] (Response Brief, Exhibits 49, 50, and 51) Defendant falsely claimed he sought to conceal his Sri Lankan lobbying from Pakistan despite frequent correspondence with a Pakistani government minister concerning the lobbying effort. (Defendant's Objections, pp. 2-3; Response Brief, pp. 1-3) Defendant stunningly claimed he was entitled to keep all funds disbursed by the Sri Lankan government despite his explicit promises to use the money to fund the lobbying effort. (Defendant's Objections, pp. 3-4; Response Brief, pp. 3-4) With respect to the tax offenses, defendant falsely denied defrauding U.S. Cares investors despite his using

---

[2] The government refers to defendant's objections to the PSR dated March 23, 2020 as Defendant's Objections. The government's references its response to defendant's objections to the PSR as its Response Brief.

[3] Even the backdated document fails to demonstrate any such investment. The document was essentially an agreement to agree at a later date and recited no price for the purchase of shares.

3

practically all the funds to purchase real estate and other investments in his own name. (Defendant's Objections, Exhibit 2; Response Brief, pp. 5-8)  Defendant claimed 75 percent of funds received from Person J constituted investments despite his own tax returns that admitted some of the enumerated transactions were payments for services.  (Defendant's Objections, Exhibit 2; Response Brief, pp. 8-9)  With respect to FECA offenses, defendant tried to exploit a mistaken belief by the government as to the ownership of a bank account that defendant undoubtedly knew was solely in his own name. (Defendant's Objections, pp. 8-9; Response Brief, pp. 11-14)

    The government declines at this time to move for a third point reduction for early acceptance of responsibility.  The inapplicability of the two-level reduction necessarily precludes the third.  U.S.S.G. § 2E1.1, Application Note 6.  Moreover, defendant's frivolous denials and affirmative falsehoods created an extraordinary amount of work for the government.  This labor resurrected much of the labor the government had previously avoided due to defendant's plea.  Given the scope of briefing on the various sentencing issues, defendant's posture has likely placed significant burdens upon the court as well.  Under such circumstances, defendant has not permitted the "government and the court to allocate their resources efficiently" as contemplated by the guideline.

## III. CONCLUSION

The government respectfully recommends the court calculate defendant's sentencing guideline at level 32 with a resulting sentencing range of 121 to 151 months' imprisonment.  Absent some extraordinary efforts by defendant to promptly rectify the situation, the government will maintain this position at time of sentencing.