BROWNE GEORGE ROSS LLP
Thomas P. O'Brien (State Bar No. 166369)
Ivy A. Wang (State Bar No. 224899)
Nathan F. Brown (State Bar No. 317300)
801 S. Figueroa Street, Suite 2000
Los Angeles, California 90017
Telephone: (213) 725-9800
Facsimile: (213) 725-9808
Email: tobrien@bgrfirm.com

HOCHMAN SALKIN TOSCHER PEREZ P.C.
Evan J. Davis (State Bar No. 250484)
9150 Wilshire Boulevard, Suite 300
Beverly Hills, California 90212-3414
Telephone: (310) 281-3200
Facsimile: (310) 859-1430
Email: davis@taxlitigator.com

Attorneys for Defendant Imaad Shah Zuberi

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> IMAAD SHAH ZUBERI, <br><br> Defendant. | Case No. LACR19-00642-VAP <br><br> The Hon. Virginia A. Phillips <br><br> **DEFENDANT'S RESPONSE TO REVISED PSR** <br><br> Judge: Hon. Virginia A. Phillips <br> Date: September 28, 2020 <br> Time: 9:00 a.m. <br> Crtrm.: 8A |

## I. Introduction

On January 14, 2020, the United States Probation Office ("USPO") fully and thoughtfully considered the facts and evidence in this case and applied the appropriate United States Sentencing Guidelines ("USSG" or "Guidelines") to calculate a total offense level of 29 and a Guidelines range of 87 to 108 months in its presentence report ("PSR"). (ECF 58.) After careful reflection on the nature and circumstances of this case, as well as the history and characteristics of Mr. Zuberi, the USPO recommended a downward variance of 27 months for a total sentence of 60 months. (ECF 57.)

The 60-month recommendation appeared to frustrate the government, which proceeded to aggressively litigate Mr. Zuberi's sentence in a nearly unprecedented manner. The government filed sentencing memorandum after sentencing memorandum, totaling over one-hundred pages of briefing, and many times more than that in exhibits, before Mr. Zuberi even responded to the PSR. More egregiously, the government refused to recommend any acceptance of responsibility levels for Mr. Zuberi and even argued against the two points that are in the Court's discretion—despite his pre-indictment guilty plea and his truthful and unwavering admission of the facts comprising his convictions—in a last ditch effort to drive up the USPO's sentencing recommendation. All told, the government asked for a sentence more than *double* the USPO's initial recommendation. (ECF 120 at 7.)

The USPO took in the mountain of evidence and arguments presented by the government and carefully reviewed it all, as demonstrated by the detailed references to the government's filings in the First Addendum to the Presentence Report. (ECF 148.) But, in the end, the government could muster *nothing* to sway the USPO or change the fundamental nature of this case. Despite the government's rhetoric, at bottom, as the USPO correctly found, Mr. Zuberi's convictions were for transparency crimes. Aside from the tax fraud, Mr. Zuberi's "foreign and monetary influence, while problematic, are not usually illegal. Instead, what makes his

actions illegal is a lack of disclosure and material omission of his conduct and not the conduct itself." (ECF 146 at 5.)  As a 49-year-old non-violent first time offender who has never been previously arrested and has accepted responsibility for his convictions, the extraordinarily lengthy sentence requested by the government was simply unwarranted.  (*Id.*)

Despite the government's unrelenting efforts, the only change that the USPO made to its recommended custodial sentence resulted directly from the government's refusal to move for the third point reduction for acceptance of responsibility under USSG § 3E1.1(b).  (ECF 146 at 20.)  Having no choice but to include this additional point in its Guidelines calculations, the USPO arrived at a new Guidelines range of 97 to 121 months.  Endorsing the same 27 month downward variance from the low-end of the range from its initial recommendation, the USPO provided a revised recommendation of a sentence of 70 months.

However, unlike the USPO, this Court is not bound to accept the government's refusal to move for the third point reduction.  In its zeal to increase Mr. Zuberi's sentence, the government has based its refusal on improper grounds—namely, its own opinion that Mr. Zuberi frivolously litigated sentencing enhancements explicitly left open in the plea agreement and the fact that it has expended more labor than it would like to prepare for Mr. Zuberi's sentencing proceeding.  Because the third point reduction turns solely on whether the government was spared from preparing for *trial*, neither of the government's proffered justifications permit the government to refuse to bring the motion.  As such, this Court should order the government to move for the third point reduction pursuant to USSG § 3E1.1(b).[1]

---

[1] Mr. Zuberi maintains his previous objections and sentencing positions as stated in his previous filings.  (*See*, ECF 90, 122, 136.)  For example, Mr. Zuberi does not admit that he bribed witnesses to prevent them from talking to law enforcement.  (ECF 122.)  However, because the USPO is deferring to the Court on these

## II. This Court Should Order the Government to Move For the Third-Level Acceptance of Responsibility Reduction

USSG § 3E1.1(a) provides for a two-level reduction if the defendant demonstrates acceptance of responsibility for his offense. In turn, subsection (b) provides for an additional one-level decrease "upon motion of the government" if the defendant "timely notif[ies] authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently." USSG § 3E1.1(b).

But the government's discretion to bring a motion for the third-level reduction is not unfettered. If this Court finds that the two-level reduction under subsection (a) applies, then the government can only refuse make the motion "for the reasons articulated in section 3E1.1(b)." *United States v. Knight*, 710 F. App'x 733, 736-37 (9th Cir. 2017) (unpublished). "Those reasons are limited to when failing to timely notify an intention to enter a guilty plea either (1) did not allow the government to avoid preparing for trial or (2) impeded the government's or the court's ability to allocate their resources efficiently." *Id.* In addition, the Guidelines "restrict denial of the reduction to situations in which a defendant's refusal to accept responsibility has caused the government to prepare for trial, rather than to prepare for an appeal *or for contested sentencing proceedings*." *United States v. Igboanugo*, 655 F. App'x 578, 580 (9th Cir. 2016) (unpublished) (emphasis added) (district court erred by allowing the government to refuse to move for the third-point due to defendant's "refusal to agree to sentencing factors"); *see also Knight*, 710 F. App'x at 736-37 (vacating and remanding for sentencing because district court did not explicitly find that the defendant had not spared government from preparing for trial); *United States v. Evans*, 744 F.3d 1192, 1199 (10th Cir. 2014) (district court committed clear error by accepting government's refusal to move for third point

---

objections and positions (ECF 148), they will not be restated here.

reduction based on government's belief that defendant had not accepted responsibility by litigating open sentencing factors).

Here, the government has stated that it will decline to move for the third point reduction because (1) the government does not believe that Mr. Zuberi has accepted responsibility due to his litigation of the sentencing enhancements expressly left open by the plea agreement and (2) Mr. Zuberi's "frivolous denials and affirmative falsehoods created an extraordinary amount of work for the government."[2] (ECF 120 at 6.)  Neither justification is valid.  The government cannot refuse to move for the third point reduction because it simply disagrees with this Court's potential factual finding that Mr. Zuberi has accepted responsibility.  Nor can the government refuse to move for the third point reduction because it has been forced to prepare for contested sentencing proceedings.  The government's refusal must turn on whether the government was spared for preparing for *trial*, which is not in doubt given that Mr. Zuberi pled guilty pre-indictment.

Moreover, the government's argument that Mr. Zuberi caused the government "an extraordinary amount of work" is ludicrous as a factual matter.  The government filed over one hundred pages of briefing (and many times more in exhibits) on the sentencing factors before Mr. Zuberi filed a single word.  (*See* ECF 42, 84, 87, 89.) In fact, Mr. Zuberi attempted to limit the amount of briefing on sentencing issues in his Motion to Strike the Government's Sentencing Position (ECF 44), but the government opposed his request.  (ECF 54.)  The government's claim that Mr. Zuberi was the cause of its labor in connection with those filings is dumbfounding and attempts to penalize Mr. Zuberi for the government's extreme decision to make every conceivable argument for a longer sentence.

---

[2] As a factual matter, Mr. Zuberi has not made affirmative falsehoods or frivolous denials.  All of his objections and arguments have been brought in good faith and substantiated by the evidence or the reasonable inferences therefrom.  (*See* ECF 136.)

In any event, Mr. Zuberi cannot be blamed for any work that he actually did cause (which is minimal, at best). The government expressly agreed to leave open for litigation the sentencing enhancements at issue in this case as part of the plea bargain. The government could have required that Mr. Zuberi stipulate to all of the sentencing enhancements at issue in the plea agreement, but the government chose not to so that it could secure a guilty plea and save itself the time and resources of preparing for trial. Having gotten its end of the bargain, the government cannot turn around and claim it has been forced to engage in unnecessary litigation because Mr. Zuberi chose to exercise his right under the plea agreement to challenge those open enhancements.

In sum, government has already revealed that it will refuse to move for the third-level reduction for acceptance of responsibility for improper purposes. This Court should reject the government's latest unprecedented attempt to drive up the sentence and order it to make the motion. *See e.g. United States v. Villaba*, 86 F. Supp. 3d 1252, 1279-80 (D.N.M. Feb. 9, 2015) (ordering government to make motion for third point reduction where government stated invalid reasons for refusal to do so).

//
//
//
//
//
//
//
//
//
//

## III. **Conclusion**

For the foregoing reasons, this Court should decline to adopt the revised PSR to the extent that it permits the government to refuse to move for the third-level reduction for acceptance of responsibility.

DATED: July 24, 2020

BROWNE GEORGE ROSS LLP
Thomas P. O'Brien

By:  /s/ Thomas P. O'Brien
Thomas P. O'Brien
Attorneys for Defendant Imaad Shah Zuberi