NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Deputy Chief, Public Corruption & Civil Rights Section
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney
Public Corruption & Civil Rights Section
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Trial Attorney, National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2468/7383/7280
     Facsimile: (213) 894-2927
     E-mail:  daniel.obrien@usdoj.gov
     E-mail:  elisa.fernandez@usdoj.gov
     E-mail:  judith.heinz@usdoj.gov
EVAN N. TURGEON (D.C. Bar No. 1010816)
Trial Attorney, National Security Division
United States Department of Justice
     950 Pennsylvania Avenue, N.W., Suite 7700
     Washington, D.C. 20530
     Telephone: (202) 353-0176
     E-mail: evan.turgeon@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>IMAAD SHAH ZUBERI,<br><br>       Defendant. | **No. CR 19-642-VAP\***<br>No. CR 20-155-VAP<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION, PRIVACY ACT INFORMATION, AND COOPERATING WITNESS INFORMATION<br><br>PROPOSED ORDER FILED SEPARATELY |

     The United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Daniel J. O'Brien,

Elisa Fernandez, Judith A. Heinz, Trial Attorney Evan N. Turgeon, and defendant Immad Shah Zuberi ("defendant"), by and through his counsel of record, defense attorneys Thomas P. O'Brien, Ivy A. Wang, Nathan Brown of George Browne Ross LLP and attorney Evan Davis of Hochman, Salkin, Toscher and Perez P.C. (collectively the "parties"), for the reasons set forth below, request that the Court enter the proposed protective order (the "Protective Order") governing the use and dissemination of (1) personal identifying information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1), (2) material that may contain information within the scope of the Privacy Act, and (3) information related to cooperating witnesses.

<u>Introduction and Grounds for Protective Order</u>

1. Defendant is charged in this matter with violations of 22 U.S.C. §§ 612, 618(a)(2), failure to register as a foreign agent, 26 U.S.C. § 7201, tax evasion, and 52 U.S.C. §§ 30116, 30118, 30121, 30122, 30109(d)(1), conduit contributions. Defendant is released on bond pending sentencing.

2. A protective order is necessary because the government intends to produce to the defense materials regarding cooperating witnesses who participated in the government's investigation. Because these materials could be used to identify the cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may expose them to potential safety risks.

3. A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII. The government believes that disclosure of this

information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII information itself, in some instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

    4.   An order is also necessary because the government intends to produce to the defense materials that may contain information within the scope of the Privacy Act, 5 U.S.C. § 552a ("Privacy Act Information").  To the extent that these materials contain Privacy Act Information, an order is necessary to authorize disclosure pursuant to 5 U.S.C. § 552a(b)(11).

    5.   The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent defendant.

//
//

Definitions

6. The parties agree to the following definitions:

a. "CW Materials" includes any information relating to cooperating witnesses' statements or any other information that could be used to identify a cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

b. "PII Materials" includes any information that can be used to identify a person, including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

c. "Protected Information" refers to any document or information containing: CW Materials or PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

d. "Defense Team" includes (1) defendant's counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

Terms of the Protective Order

7. The parties jointly request the Court enter the Protective Order, which will permit the government to produce Protected

Information in a manner that preserves the privacy and security of third parties. The parties agree that the following conditions in the Protective Order will serve these interests:

  a. The government is authorized to provide defense counsel with Protected Information marked with the following legend: "PROTECTED INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER." The government may put that legend on the digital medium (such as DVD or hard drive) or simply label a digital folder on the digital medium to cover the content of that digital folder. The government may also redact any PII contained in the production of Protected Information.

  b. If defendant objects to a designation that material contains Protected Information, the parties shall meet and confer. If the parties cannot reach an agreement regarding defendant's objection, defendant may apply to the Court to have the designation removed.

  c. Defendant and the Defense Team agree to use the Protected Information solely to prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this case, as well as any appellate and post-conviction proceedings related to this case.

  d. The Defense Team shall not permit anyone other than the Defense Team to have possession of Protected Information, including defendant, while outside the presence of the Defense Team.

  e. Notwithstanding the paragraph above, defendant may see and review CW Materials only in the presence of defense counsel, and defense counsel shall ensure that defendant is never left alone with any CW Materials. At the conclusion of any meeting with

defendant at which defendant is permitted to view CW Materials, defendant must return any CW Materials to defense counsel, who shall take all such materials with counsel.  Defendant may not take any CW Materials out of the room in which defendant is meeting with defense counsel.  At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of defendant, regardless of defendant's custody status.

       f.   Defendant may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials.  At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her.  Defendant may not take any PII Materials out of the room in which defendant is meeting with the Defense Team.

       g.   Defendant may see and review Protected Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Protected Information in this case at any time.  Defendant also may not write down or memorialize any data or information contained in the Protected Information.

       h.   The Defense Team may review Protected Information with a witness or potential witness in this case, including defendant.  Defense counsel must be present whenever any CW Materials are being shown to a witness or potential witness.  A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness.  Before being shown

1  any portion of Protected Information, however, any witness or
2  potential witness must be informed of, and agree in writing to be
3  bound by, the requirements of the Protective Order.  No member of
4  the Defense Team shall permit a witness or potential witness to
5  retain Protected Information or any notes generated from Protected
6  Information.
7          i.   The Defense Team shall maintain Protected Information
8  safely and securely, and shall exercise reasonable care in ensuring
9  the confidentiality of those materials by (1) not permitting anyone
10 other than members of the Defense Team, defendant, witnesses, and
11 potential witnesses, as restricted above, to see Protected
12 Information; (2) not divulging to anyone other than members of the
13 Defense Team, defendant, witnesses, and potential witnesses, the
14 contents of Protected Information; and (3) not permitting Protected
15 Information to be outside the Defense Team's offices, homes,
16 vehicles, or personal presence.  CW Materials shall not be left
17 unattended in any vehicle.
18         j.   To the extent that defendant, the Defense Team,
19 witnesses, or potential witnesses create notes that contain, in
20 whole or in part, Protected Information, or to the extent that
21 copies are made for authorized use by members of the Defense Team,
22 such notes, copies, or reproductions become Protected Information
23 subject to the Protective Order and must be handled in accordance
24 with the terms of the Protective Order.
25         k.   The Defense Team shall use Protected Information only
26 for the litigation of this matter and for no other purpose.
27 Litigation of this matter includes any appeal filed by defendant and
28 any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the

event that a party needs to file Protected Information with the Court or divulge the contents of Protected Information in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact any: CW Materials of PII Materials and make all reasonable attempts to limit the divulging of CW Materials or PII Materials.

      l.    The parties agree that any Protected Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order. If Protected Information was inadvertently produced prior to entry of the Protective Order without being marked "PROTECTED INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error. The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

      m.    The parties agree that if any Protected Information contains both CW Materials and another category of Protected Information, the information shall be handled in accordance with the CW Materials provisions of the Protective Order.

      n.    Protected Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court. All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain

subject to the Protective Order unless and until such order is modified by this Court.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return CW Materials to the government or certify that such materials have been destroyed.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

        o.   In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Protected Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for: (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials; and (2) returning to the government or certifying the destruction of all CW Materials.

        p.   Defense counsel agrees to advise defendant and all members of the Defense Team of their obligations under the

Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant and members of the Defense Team with access to any materials subject to the Protective Order.

    q. Defense Counsel has conferred with defendant regarding this stipulation and the proposed order thereon, and defendant agrees to the terms of the proposed order.

    r. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

Dated: October 14, 2020    Respectfully submitted,

    NICOLA T. HANNA
    United States Attorney

    BRANDON D. FOX
    Assistant United States Attorney
    Chief, Criminal Division

    *Elisa Fernandez*

    ELISA FERNANDEZ
    Assistant United States Attorney
    Public Corruption & Civil Rights Section

    Attorneys for Plaintiff
    UNITED STATES OF AMERICA

DATED: October 14, 2020    BROWNE GEORGE ROSS, LLP

    *Ivy A. Wang* (per email authorization on 10/14/2020)
    THOMAS P. O'BRIEN
    IVY A. WANG
    Attorneys for
    Defendant Imaad Shah Zuberi