UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

| Case No. | LACR 19-00642-VAP *<br>LACR 20-00155-VAP | Date | January 5, 2021 |
|---|---|---|---|

Title  *United States of America v. Imaad Shah Zuberi*

Present: The Honorable   VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| Christine Chung | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

Attorney(s) Present for Plaintiff(s):  None

Attorney(s) Present for Defendant(s):  None

**Proceedings:**   **MINUTE ORDER RE: PRESS INQUIRY (IN CHAMBERS)**

The Court has received an inquiry from representatives of the press seeking to have sealed entries on the docket unsealed. The inquiry is attached hereto as Exhibit A.

The Court orders the Government and Defendant to file their positions as to unsealing, with or without redactions, by January 11, 2021.

**IT IS SO ORDERED.**

# EXHIBIT A

**AP**

**ASSOCIATED PRESS**

Jim Mustian
Newsperson

200 Liberty Street
New York, New York 10128
T 212.621.1500

www.ap.org

December 2, 2020

VIA E-MAIL

c/o Ms. Christine Chung
    Courtroom Deputy Clerk for
    Hon. Virginia A. Phillips, U.S.D.J.
Central District of California, Western Division
First Street Courthouse
Courtroom 8A, 8th Floor
350 West 1st Street
Los Angeles, CA 90012
Christine_Chung@cacd.uscourts.gov

Re:    <u>United States v. Imaad Shah Zuberi, No. 19-cr-642</u>

Dear Judge Phillips,

I am a reporter for The Associated Press ("AP"). I write regarding the lack of public access to judicial documents in the above-referenced matter, which has made the case difficult to follow and largely left the public in the dark about these important proceedings. Indeed, a review of the docket appears to show 119 sealed filings.

I respectfully request the Court review the widespread sealings on the docket and, as appropriate, unseal the case file as to Imaad Zuberi. Alternatively, I request the Court unseal the motions to seal and the sealing orders so the public can assess the rationale for the closures and better determine whether a more formal intervention is appropriate.[1]

The case against Zuberi is of enormous public interest. It is one of the most wide-ranging campaign finance and foreign lobbying cases ever prosecuted, according to the Justice Department. It is alleged that Zuberi acted as a "mercenary" political donor, using illegal straw donor cutouts and acting on behalf of foreign interests to access some of the country's most powerful politicians.[2]

Yet the case file is largely sealed, preventing any meaningful opportunity for the public to follow the prosecution and understand the allegations against Zuberi or the broader issues at stake,

---

[1] Based on my review of the docket, I believe only one motion to seal and one sealing order are publicly available. *See* Dkt. Nos. 123, 125 (granting sealing motion "for the reasons stated").

[2] Suderman & Mustian, *'Mercenary' donor sold access for millions in foreign money*, The Associated Press (Nov. 30, 2020), https://apnews.com/article/imaad-zuberi-sold-donor-access-5a6b71bd05ddf2c1655847bb064edcc9.

1

including who benefited from Zuberi's actions and how he was able to skirt campaign finance and foreign lobbying laws in such a brazen manner.

The First Amendment and common law provide qualified rights of public access to court proceedings and records. *See, e.g., Richmond Newspapers* v. *Virginia*, 448 U.S. 555, 571 (1980) (public right of access to criminal trials); *Press-Enterprise Co.* v. *Superior Court* ("*Press-Enterprise I*"), 464 U.S. 501, 505–08 (1984) (voir dire); *Nixon* v. *Warner Commc'ns*, 435 U.S. 589, 597–98 (1978) (judicial records in a criminal trial). The right is premised on "the common understanding that 'a major purpose of [the First] Amendment was to protect the free discussion of governmental affairs.'" *Globe Newspaper Co.* v. *Superior Court*, 457 U.S. 596, 604 (1982) (citation omitted). "Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system." *Press-Enterprise I*, 464 U.S. at 508.

A court may not deny access to judicial records unless it makes a specific, on-the-record finding that sealing or closure is necessary to protect an "overriding interest based on findings that closure is essential to preserve higher values." *Press-Enterprise I*, 464 U.S. at 510. The court must determine no alternatives exist to the sealing order, and even assuming a party can satisfy these high hurdles, a closure order must be "narrowly tailored to serve that [specific] interest." *Id. See also, e.g., United States* v. *Kaczynski*, 154 F.3d 930, 932 (9th Cir. 1998); *Oregonian Publishing Co.* v. *District Court*, 920 F.2d 1462, 1464 (9th Cir. 1990).

Moreover, a court cannot limit the public access right without following the procedures defined in *United States* v. *Brooklier*, 685 F.2d 1162 (9th Cir. 1982). First, "those excluded from the proceeding must be afforded a reasonable opportunity to state their objections." *Id.* at 1167–68. Second, "the reasons supporting closure must be articulated in findings." *Id.* at 1168; *see also Phoenix Newspapers, Inc.* v. *District Court*, 156 F.3d 940 (9th Cir. 1998) ("[I]f a court contemplates sealing a document or transcript, it must provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives. If objections are made, a hearing on the objections must be held as soon as possible.").

I request the Court review and unseal the case file involving Zuberi. While I understand the documents may at times include sensitive materials, including perhaps those relating to ongoing investigations, the extraordinary subject matter of the case, and the corresponding significant public interest in the matter, demand that any sealings be made sparingly and be narrowly tailored. Respectfully, that is not what is currently reflected on the docket, wherein both parties appear to be filing virtually everything under seal.

To the extent the Court determines that continued sealing is justified, I respectfully request that the reasons for such sealing be made public. Thank you for your consideration of this matter.

Sincerely,

*[signature]*

Jim Mustian

2