UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CRIMINAL MINUTES – GENERAL**

| Case No. | LACR 19-00642-VAP ✓<br>LACR 20-00155-VAP | Date | January 21, 2021 |
|---|---|---|---|

| Title | *United States of America v. Imaad Shah Zuberi* |
|---|---|

Present: The Honorable    VIRGINIA A. PHILLIPS, UNITED STATES DISTRICT JUDGE

| Christine Chung | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:** MINUTE ORDER RE: SEALING OF DOCKET ENTRIES (IN CHAMBERS)

    In preparation for the sentencing hearing set for February 4, 2021, the Court has reviewed all the documents submitted by the parties, many filed under seal. Although the Court initially approved the applications to file under seal based on counsel's attestations that compelling interests favored sealing, it now concludes that no good cause existed for the sealing of dozens of documents. For example, the parties filed under seal publicly available materials (including reports from the United States Sentencing Commission and public health warnings regarding the COVID 19 pandemic), press releases, news articles, and decades-old letters of recommendation from Defendant's undergraduate professors. On January 5, 2021, the Court ordered the parties to address whether sealed entries on the docket of this case should be unsealed.[1] The Government and Defendant filed timely responses on January 11, 2021.

    In the Ninth Circuit, there is a "strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003). This includes "access to criminal proceedings and documents filed therein," and "extends to pretrial proceedings as well as in the trial itself." CBS, Inc. v. U.S. Dist. Court for Cent. Dist. of Cal., 765 F.2d 823, 825 (9th Cir. 1985). Such access "is not absolute and can be overridden given sufficiently compelling reasons for doing so," however. Foltz, 331 F.3d at 1135. The law

---

[1] The Court attached to its January 5 Order correspondence from a news media outlet requesting access to the sealed filings. The Court since has received correspondence from multiple media outlets requesting the same.

"recognizes two qualified rights of access to judicial proceedings and records, a common law right to inspect and copy public records and documents, including judicial records and documents, and a First Amendment right of access to criminal proceedings and documents therein." United States v. Bus. of Custer Battlefield Museum & Store, 658 F.3d 1188, 1192 (9th Cir. 2011) (internal quotation marks omitted).

The Court notes that in some instances the Government filed documents under seal but also filed appropriately redacted or anonymized versions in the public record, e.g., Doc. Nos. 40 and 42.[2]  After conducting a review of every item filed under seal, the Court finds no compelling interest outweighs the public's interest in access to records of judicial proceedings as to the following docket entries:[3]

    Doc. Nos. 46 and 52
    Doc. No. 53 (Decl. of D. O'Brien)[4]
        Exs. 2-5, 7, 9-15
    Doc. Nos. 64, 66 and 67
    Doc. Nos. 82 and 93
    Doc. No. 94 (Decl. of D. O'Brien)
        Exs. 1-4, 6-8, 10, 11, 13, 14, 17, 18
    Doc. No. 96
    Doc. No. 97 (Decl. of D. O'Brien)
        Exs. 5, 8-11
    Doc. No. 99
    Doc. No. 100 (Decl. of D. O'Brien)
        Exs. 1, 7, and 11
    Doc. No. 103[5] (Decl. of N. Brown)
        Exs. 3-6, 12, 15-25
    Doc. Nos. 102 and 104
    Doc. Nos. 106 and 108
    Doc. Nos. 111-114
    Doc. No. 117
    Doc. No. 119
    Doc. No. 126 (Decl. of N. Brown)
        Exs. 3-9, 11

---

[2] All of the references to the docket in this Order are to entries in case number LACR 19-00642-VAP-1.

[3] As discussed below, limited redactions in these documents may be needed to preserve the privacy of some third parties or protect the integrity of ongoing criminal investigations.

[4] When declarations are ordered unsealed, the paragraphs within them describing exhibits that are to remain sealed shall be redacted.

[5] Doc. No. 103, the Declaration of Nathan Brown, is not ordered unsealed. Only the listed exhibits attached to the declaration are to be unsealed.

      Doc. Nos. 129, 131, 139, and 143
      Doc. Nos. 150, 152, 159, 167, and 170
      Doc. Nos. 180, 184, 192, and 197
      Doc. Nos. 208, 219, 221, 223, and 246-249
      Doc. Nos. 251-254
      Doc. No. 255 (Decl. of I. Wang)
          Exs. 1-8, 11, 12, 15-26, 28-43, 45, 47-53
      Doc. No. 257
      Doc. No. 258 (Decl. of D. O'Brien)
          Exs. 1, 2A, 5, 5A, 6, 7, 9, 10A, 10B, 13-18A, 18B
      Doc. Nos. 260 and 263
      Doc. No. 266
      Doc. No. 267 (Decl. of D. O'Brien)
          Exs. 1A-D, 2, 3A-B, 4, 4A, 5, 6A-E, 7
      Doc. No. 270
      Doc. No. 271 (Decl. of D. O'Brien)
          Exs. 1A, 1B, 2A, 2B, 3, 4A, 5B, 6, 6A, 6B, 7
      Doc. No. 273
      Doc. No. 276

      The Court orders the parties to lodge with the Court copies of the documents listed above with proposed redactions or changes (i.e., substitution of pseudonyms) **only** to protect personal identifying information (e.g., residential addresses and Social Security numbers), the identity of third parties, or references to documents not ordered unsealed, no later than **January 26, 2021**. The parties shall lodge the proposed redacted versions of the documents by emailing them to the VAPChambers email address, indicating the proposed redactions by using black highlight and without making the redactions permanent, i.e., burning the redactions into the images. The parties shall submit each document with the original docket entry in the title of the document. The party that filed the original document is responsible for lodging the proposed redacted version of the document. The Court will review the proposed redactions and will determine which are appropriate. In the event that the parties submit proposed redactions that go beyond the purposes stated above, the Court may order the document unsealed without redaction. Upon approval of any proposed redactions, the redacted versions of the sealed docket entries will be filed on the public docket of this case.

      The remaining documents filed under seal, including, inter alia, transcripts of grand jury proceedings and materials reflecting ongoing investigations, shall remain sealed, for the following reasons.

      Courts ask two questions to determine whether a qualified First Amendment right of public access applies to a particular proceeding or document: (1) "whether the place and process have historically been open to the press and general public"; and (2) "whether public access plays a significant positive role in the functioning of the particular process in question." Press-Enter. Co. v. Super. Ct., 478 U.S. 1, 8 (1986). Here, sentencing proceedings have historically been open to the public, and access to them plays a significant role in informing the public of the bases for the Court's sentencing decision. Even when this test is satisfied, however,

the public's First Amendment right of access establishes only a strong presumption of openness, and "the public still can be denied access if closure 'is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest.'" Times Mirror Co. v. United States, 873 F.2d 1210, 1211 n.1 (9th Cir. 1989) (quoting Press-Enter. Co. v. Super. Ct., 464 U.S. 501, 509-10 (1984)).

The Ninth Circuit has held a "qualified First Amendment right of public access attaches to in-court sentencing proceedings" including: "the government's motion to reduce a high-profile defendant's sentence under Federal Rule of Criminal Procedure 35(b) for post-sentencing assistance in investigating or prosecuting another person;" a "plea agreement cooperation addendum;" "the government's motion to seal the plea agreement and memorandum in support of it;" "the district court's orders granting the government's motion to seal;" "the defendant's plea colloquy transcript;" and "the transcripts of those portions of the hearings on the government's motion to seal that were open to the public." United States v. Doe, 870 F.3d 991, 997 (9th Cir. 2017) (collecting cases). Here, the public has a right of access to documents or items filed to support the position espoused by the Government or the defense regarding a defendant's sentence on criminal charges.

That right is a qualified one. "[C]riminal proceedings and documents may be closed to the public without violating the [F]irst [A]mendment only if three substantive requirements are satisfied: (1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest." Oregonian Publ'g Co. v. U.S. Dist. Ct. for Dist. of Or., 920 F.2d 1462, 1466 (9th Cir. 1990); see also Times Mirror Co. v. United States, 873 F.2d at 1211 n.1. "The court must not base its decision on conclusory assertions alone, but must make specific factual findings." Oregonian, 920 F.2d at 1466.

In this case, the Court concludes each of the Oregonian requirements have been satisfied as to the documents filed under seal other than those listed above. First, denial of public access to these document serves several compelling interests, including the integrity of ongoing criminal investigations; the Government's interest in protecting matters of national security; the reputational and safety interests of uncharged third parties; and the need to assure the safety of Defendant and his family. Should these documents be unsealed, each of these compelling interests would be harmed. Moreover, the Court has considered alternatives to sealing these records, including employing redactions or pseudonyms, and has found that for the documents it is ordering unsealed these devices will suffice. After careful examination of the remaining documents, however, it finds such alternatives would not sufficiently protect the compelling interests described above. The Court concludes these remaining documents must remain sealed due to "compelling governmental interest[s], and [their continued sealing] is narrowly tailored to serve that interest." Times Mirror Co., 873 F.2d at 1211 n.1 (internal quotation marks and citation omitted).

**IT IS SO ORDERED.**