TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Deputy Chief, Public Corruption & Civil Rights Section
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney
Public Corruption & Civil Rights Section
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Trial Attorney, National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2468/7383/7280
     Facsimile: (213) 894-2927
     E-mail:  daniel.obrien@usdoj.gov
     E-mail:  elisa.fernandez@usdoj.gov
     E-mail:  judith.heinz@usdoj.gov
EVAN N. TURGEON (D.C. Bar No. 1010816)
Trial Attorney, National Security Division
United States Department of Justice
     950 Pennsylvania Avenue, N.W., Suite 7700
     Washington, D.C. 20530
     Telephone: (202) 353-0176
     E-mail:     evan.turgeon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. LACR19-642-VAP |
|---|---|
| Plaintiff, | No. LACR20-155-VAP |
| v. | REDACTED DECLARATION OF DANIEL J. O'BRIEN IN SUPPORT OF GOVERNMENT'S SENTENCING POSITION RE FEDERAL ELECTION CAMPAIGN ACT VIOLATIONS; REDACTED EXHIBITS (FILED UNDER SEAL IN DOCKET #100) PER COURT'S ORDER DATED 2/9/17 |
| IMAAD SHAH ZUBERI, | |
| Defendant. | |

NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Public Corruption & Civil Rights Section
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2468
    Facsimile: (213) 894-2927
    E-mail:    daniel.obrien@usdoj.gov
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**FILED**
CLERK, U.S. DISTRICT COURT
MAR. 25, 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_\_CC\_\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CR No. CR 19-642-VAP |
|---|---|
| Plaintiff, | <u>DECLARATION OF AUSA DANIEL J. O'BRIEN IN SUPPORT OF GOVERNMENT'S SENTENCING POSITION RE FEDERAL ELECTION CAMPAIGN ACT VIOLATIONS; EXHIBITS</u> |
| v. | |
| IMAAD SHAH ZUBERI, | |
| Defendant. | Date: May 18, 2010<br>Time: 9:00 a.m.<br>Courtroom: 8A |
| | (UNDER SEAL) |

**DECLARATION OF AUSA DANIEL J. O'BRIEN**

I, Daniel J. O'Brien, declare and state as follows:

1. I am an Assistant United States Attorney for the Central District of California assigned to the prosecution of <u>United States v. Imaad Shah Zuberi</u>, CR No. 19-642-VAP. I make this declaration in support of the government's sentencing position with respect to defendant's Federal Election Campaign Act ("FECA") violations.

2. Attached as Exhibit 1 is a spreadsheet that identifies political campaign contributions paid and solicited by Zuberi in violation of the Federal Election Campaign Act ("FECA"). Columns A through F show contribution information obtained from Federal Election Commission ("FEC") records posted online.[1] Columns G through I show information obtained from financial accounts that demonstrate how the FECA contributions were initially paid. Columns J through L show information obtained from banking records that

---

[1] Column F separates out contributions involving defendant's mother, Asifa Zuberi (Person AA) and ▮▮▮▮ (Person J) because they require additional discussion.

Contributions referenced in the spreadsheet that were made in Asifa Zuberi's name total $321,000. A small minority of those contributions were paid from accounts she and Zuberi owned jointly. Asifa Zuberi's existing net worth and income derived over the pertinent timeframe totaled approximately $108,450. Thus, she would have been incapable of financing the entirety of the contributions made in her name. Moreover, Person AA passed away in April 2016, well prior to her final contribution made in October 2016.

The single contribution referenced in the spreadsheet that was funded by ▮▮▮▮ has not been linked to a specific financial transaction. ▮▮▮ transferred millions of dollars into Zuberi's accounts around this timeframe so the reimbursement may have been a small portion of a far greater amount. However, an email from Zuberi to ▮▮▮ and Arun Rangachari (Person N) states that ▮▮▮, a foreign national, paid for a $25,000 contribution to the campaign of Virginia Governor Terry McAuliffe on behalf of Rangachari. Rangachari was a citizen of India.

identify transactions that either funded or reimbursed some of the contributions.

3. Attached as Exhibit 2 is a spreadsheet that identifies FECA contributions, either solicited or paid by Zuberi, that were funded by prohibited foreign sources. Columns A through E list information obtained from publicly available FEC records posted online. Columns F through H show information obtained from financial accounts and demonstrate the initial source of funding for the contributions. Columns I through J show advances or reimbursements from ▮▮▮ Company B), a Kuwaiti corporation, that funded the payments. ▮▮▮ is owned by ▮▮▮ (Person D), a foreign national. ▮▮▮ spouse, ▮▮▮ (Person C), is a U.S. citizen. Columns K through L show advances or reimbursements from ▮▮▮ (Company A), a Saudi corporation, that funded some of ▮▮'s wire transfers. ▮▮▮ is owned by ▮▮▮ (Person A), a foreign national. ▮▮▮'s spouse, ▮▮▮ Person B), is a U.S. citizen. Columns O through Q total amounts that were valid FECA contributions (made by U.S. citizens, but in tandem with illegal contributions), FECA crimes solicited by Zuberi because they were either reimbursed or funded by prohibited foreign sources, and fraudulent conversions of money that were intended as contributions, but stolen by Zuberi.

4. Attached as Exhibit 3 are excerpts of the testimony of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

5. Attached as Exhibit 4 are excerpts of the testimony of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2

6. Attached as Exhibit 5 are excerpts of the testimony of ▇▇▇▇▇▇▇▇▇▇▇▇.

7. Attached as Exhibit 6 are excerpts of a memorandum of interview with ▇▇▇▇▇▇▇▇▇▇▇▇

8. Attached as Exhibit 7 are selected emails and WhatsApp communications produced by ▇▇▇▇▇▇. Emails with attached photographs were widely distributed by Zuberi (typically through fictitious employees of Avenue Ventures) to many of Zuberi's business associates.

9. Attached as Exhibit 8 are excerpts of the testimony of ▇▇▇▇▇▇▇▇ with referenced exhibits.

10. Attached as Exhibit 9 are excerpts of the testimony of ▇▇▇▇▇▇▇▇ with referenced exhibits.

11. Attached as Exhibit 10 are excerpts of the testimony of ▇▇▇▇▇▇▇▇.

12. Attached as Exhibit 11 is a notice of FECA prohibitions provided by NGP VAN, a software provider of online contribution processing for numerous election campaigns. The notice figured prominently in many campaign committee websites frequented by Zuberi in connection with making online contributions.

13. ▇▇▇▇▇▇ (Person GG) ▇▇▇▇▇▇▇▇▇▇. In an interview with the government, ▇▇▇ claimed that Zuberi asked him to contribute to political campaigns and that he did not have a credit card with him at the time. Zuberi paid for a total of

3

1  $10,200 in contributions attributed to ▓▓. ▓▓▓▓ claimed that he
2  reimbursed Zuberi for a portion of the contributions with about
3  $4,000 to $5,000 in cash that he kept in an unspecified drawer in
4  his house. He also claimed to have accepted from Zuberi checks in
5  smaller amounts than were otherwise due him for services rendered in
6  connection with an automobile business. The government believes
7  that ▓▓▓▓ lacks credibility because (1) of his familial
8  relationship with the defendant, (2) the story of maintaining large
9  amount of cash in an unspecified drawer is suspicious, (3) at the
10 time of the contributions, ▓▓▓▓ ran a costume jewelry shop that
11 generated little income that he supplemented by working for Zuberi,
12 (4) bank records demonstrate no observable pattern of reductions in
13 payments from defendant to ▓▓▓▓, (5) the contributions were made on
14 the same date (1/27/15) as contributions in the name of Mark
15 Skarulis which were paid by Zuberi and which Skarulis admits were
16 FECA violations, (6) ▓▓▓▓ had no records of conversations with
17 Zuberi about the contributions or the repayments, (7) ▓▓▓▓ has no
18 history of making any other contributions to political campaigns,
19 and (8) ▓▓▓▓ admitted he had not paid income taxes on money he
20 earned from Zuberi.
21     14. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Person JJ) was ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓t. In an interview with the government,
23 she said that Zuberi paid her cash for business services she
24 performed. She disputed that the $2,500 cash deposited into her
25 account and the $2,700 campaign contribution she made the next day
26 were connected. The government questions ▓▓▓▓▓▓▓▓'s credibility
27 because of her close personal relationship with defendant ▓▓▓▓▓▓▓▓
28 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and because she did not report any of the

4

1  income she received from defendant on her tax returns. Moreover,
2  regardless of her state of mind, the government asserts that Zuberi
3  intended the cash as a reimbursement of ▮▮▮▮▮▮▮'s contribution
4  because (1) ▮▮▮▮▮▮▮ was a college student working at the
5  university and received modest income, (2) she had no history of
6  making any FECA contributions, (3) she then made the maximum
7  contribution allowed of $2,700, (4) her subsequent contributions in
8  the years that follow total about $73, (5) the $2,500 cash deposit
9  occurred the day prior to the actual contribution of $2,700 (she
10 likely kept $200 of the cash for in pocket use); and (6) from April
11 14 through May 17, 2015, Zuberi temporarily departed from his usual
12 practice of using his own credit card for making contributions in
13 other people's names and, instead, reimbursed contributions made
14 directly from other peoples' credit cards such as in the case with
15 ▮▮▮▮▮▮▮

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed this 18th day of March at Los Angeles, California.

                                        /s/
                                 DANIEL J. O'BRIEN

5

# CERTIFICATE OF SERVICE

I, **Susana Ybarra**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy:

**DECLARATION OF AUSA DANIEL J. O'BRIEN IN SUPPORT OF GOVERNMENT'S SENTENCING POSITION RE FEDERAL ELECTION CAMPAIGN ACT VIOLATIONS; EXHIBITS**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☒ Electronic Mail as follows:

☐ By Federal Express, as follows:

**Thomas O'Brien**
tobrien@bgrfirm.com

**Evan Davis**
davis@taxlitigator.com

**Ivy Wang**
iwang@bgrfirm.com

at the last known address, at which place there is a delivery service by United States mail.

This Certificate is executed on March 18, 2020 Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

*Susana Ybarra*
Susana Ybarra
Legal Assistant