# EXHIBIT 9

# CONTRACT FOR SERVICES TO





This contract is Confidential and Proprietary: no part of it may be reproduced or transmitted in any form, or by any means, electronic or mechanical, including photocopying, recording, storage in an information retrieval system, or otherwise without the express prior written permission of Avenue Ventures.



-Contract-2013-08-26

Los Angeles • Washington • New York • Dubai • Mumbai • Hong Kong • Beijing • Shanghai

FOIA Confidentiality Requested

ZUB-GJS-00008973

Based on our discussions we, Avenue Ventures ("Avenue"), welcome this opportunity to provide ▓▓▓▓▓▓▓▓ "Client") consultancy services as outlined below. Avenue invites ▓▓▓ signed acceptance of this Contract of Engagement ("Contract") to confirm client's engagement of our consultancy services and look forward to a mutually rewarding relationship going forward.

This Contract sets forth the general terms and conditions for Avenue to provide advisory and consulting services for ▓▓▓▓ enter into business relationship, joint-venture (JV) or similar opportunities with government entities, semi-government entities and private companies/entities in the Africa, Middle East, United States and Asia and other jurisdictions etc. Please see further details in the scope in the scope and fees section. The consulting services shall be provided on an as-needed basis (as and when needed). Avenue will provide consulting service only upon receiving a written request from ▓▓▓

Thereupon, the parties agree as follows:

**TERM AND TERMINATION**

1. This Contract of Engagement is valid for a period of three (3) years from the date of signing this Contract ("the Effective Date") by January 1, 2013. It will automatically renew on the third day after the first anniversary date and thereafter annually under the same conditions unless modified in writing and agreed by both parties or terminated by either party.

2. The term of this Contract shall begin on the Effective Date and continue in full force and be in effect until terminated, with or without cause, provided that termination is given by either party upon written notice 30 days prior to such termination.

3. Upon termination, ▓▓▓ agrees to pay all expenses billed and owed as of the date of the termination. Any deal or transaction introduced will remain in effect till the transaction is completed even if the contract is terminated.

**STANDARD TERMS AND CONDITIONS**

The following is a list of assumptions upon which Avenue has relied to form the basis of this agreement to perform the services outlined in this Contract. Any deviation from these assumptions may cause changes to the work schedule, fees, deliverables, effort required or may otherwise affect the performance of the work described in this contract.

1. **Independent Contractor**. In providing consulting services to the Client, Avenue will act as an independent Contractor and it is expressly understood and agreed that this Contract is not intended to create, and does not create, any partnership, agency, joint venture or any other similar relationship and that neither party has the right or ability to act for or on behalf of the other party or to effectuate any transaction for the account of the other.

2. **Good Standing**. Avenue represents and warrants that it is in good standing, licensed and otherwise qualified to provide the Services in the relevant jurisdiction.

3. **Amendment**. This Contract may be amended only by the written consents of both ▓▓▓ and Avenue.



▓▓▓-Contract-2013-08-26

Avenue Ventures

Los Angeles • Washington • New York • Dubai • Mumbai • Hong Kong • Beijing • Shanghai

FOIA Confidentiality Requested

ZUB-GJS-00008974

4. **Access of Information.** Sufficient access to team resources shall be provided by ▇ to enable Avenue's consulting team to conform to the requirements and provisions of this Proposal. In connection with the work, each party shall have access to information made available by the other party; each party shall protect the information obtained in the same manner as if it protects its own information of like kind.

5. **Communication.** Decisions to be made by ▇ shall be made promptly and communicated promptly to Avenue's Engagement Director/Partner or Engagement Manager.

6. **Ownership of Product.** ▇ and Avenue Ventures shall jointly own the deliverables of this work, which shall not include any proprietary products or methods Avenue may use in the course of the work. Avenue will retain copies of the deliverables. Subject to both parties written sign-off of confidentiality, each shall be free to use the concepts, techniques and know-how used and developed in the work. Unless Avenue expressly assumes any such responsibility in subsequent arrangements, ▇ shall take full responsibility for and ownership of its use of the deliverables from the said consultancy. Avenue shall continue to be free to perform similar services for other clients in the same industry or sector using its general knowledge, skills, experience and relationship. However, Avenue will not represent competing client on the same project.

7. **Personnel.** In order to manage Avenue's participation in the work most effectively, Avenue reserves the right on selecting, deciding and assigning personnel to perform the required activities. To ensure that Avenue can assign its best people to carry out its consultancy service for ▇, without fear of losing the assigned personnel, ▇ agrees not to recruit or employ any of Avenue's consulting staff for a period of one year from the completion of the said work without prior written consent agreement from Avenue.

8. **Liability.** In no event shall Avenue (or any of its officers, employees, partners, managers, members, other clients, affiliates or other associated entities) be liable to Client or any of its affiliates for any act, alleged act, omission or alleged omission on the part of Avenue or any of its officers, employees, partners, managers, members, other clients, affiliates or other associated entities that does not constitute gross negligence or willful misconduct as determined by a final, non-appealable determination of a court of competent jurisdiction. To the maximum extent permitted by applicable law, in no event will Avenue or any of its affiliates be liable to the Client or any of its affiliates for any consequential, indirect, incidental, special, punitive or exemplary damages, including, but not limited to, lost profits or savings, whether or not such damages are foreseeable, or for any third party claims (whether based in contract, tort or otherwise), relating in any way to the consulting services to be provided by Avenue hereunder, provided, however, that Avenue did not commit and acts of gross negligence or willful misconduct.

9. **Indemnification.** ▇ hereby indemnifies and agrees to exonerate and hold each of Avenue and its partners, members, managers, affiliates, directors, officers, fiduciaries, controlling persons, employees and agents and each of the partners, shareholders, members, managers, affiliates, directors, officers, fiduciaries, employees and agents of each of the foregoing (collectively, the "Indemnified"), free and harmless from and against any and all actions, causes of action, suits, claims and liabilities and expenses in connection therewith, including and without limitation reasonable attorneys' fees and charges (collectively, the "Indemnified Liabilities"), incurred by the Indemnified or any of them as a result of, arising out of, or in any



▇-Contract-2013-08-26

Avenue Ventures

Los Angeles • Washington • New York • Dubai • Mumbai • Hong Kong • Beijing • Shanghai

way relating to the performance of services by Avenue to the Client or any of its affiliates from time to time, except for any such Indemnified Liabilities arising on account of such Indemnified's gross negligence or willful misconduct.

10. **Governing Law.** This Contract and all matters arising under or related to this Contract shall be governed by and construed in accordance with the laws of the State of California and applicable United States Federal Law without giving effect to any choice or conflict of law provision or rule that would cause the application of the domestic substantive laws of any other jurisdiction. Disputes arising out of this Contract will be subject to the jurisdiction of the State of California.

11. **Ethics.** Avenue acknowledges that, in providing the Services, Avenue and its partners, members, managers, affiliates, directors, officers, fiduciaries, controlling persons, employees and agents and each of the partners, shareholders, members, managers, affiliates, directors, officers, fiduciaries, employees and agents of each of the foregoing, may be subject to the US Foreign Corrupt Practices Act, the domestic law of signatories of the OECD Convention on Anti-Bribery, and other domestic law prohibiting ethical conduct ("Ethics Laws"). Avenue will not engage in any form of bribery which violate US Laws.

## PROFESSIONAL FEES

1. **General Retainer.** ▓▓▓ shall pay to Avenue a retainer as detailed in the scope and fees section below. The first annual payment is due within seven (7) business days from the date of signing this Contract of Engagement by ▓▓▓ Thereafter the retainer will be due on the anniversary date of the signing this Contract by ▓▓▓ acknowledges that the General Retainer to Avenue shall be deemed to have been earned at the time of payment. The retainer is nonrefundable.

2. **Project Retainer.** Requests for services shall take the form of a Written Request for Service (WRS). The WRS shall include a mutually agreed Project fee which will vary according to the nature, size and scope of the individual transaction/project for which ▓▓▓ is requesting services. These fees are due and payable prior to the commencement of service. ▓▓▓ acknowledges that the Project Retainer to Avenue shall be deemed to have been earned at the time of payment. The Project retainer is nonrefundable in the event of non-completion of the project for reasons beyond Avenue's control.

3. **Success Fee.** The Success Fee shall include an expected transaction value and mutually agreed Success Fee which will vary according to the nature, size and scope of the individual transaction/project for which ▓▓▓ is requesting services. Avenue will provide written notice to ▓▓▓ upon completion of each transaction/project's services as defined in the. The success fee shall be paid within ten (10) days of the notice of completion. The Success Fee for any transaction/project for which any material introduction or other service was made by Avenue under the terms of Contract is due and payable to Avenue, notwithstanding the termination of this Contract, provided that such transaction/project is completed within seven (7) calendar years of the termination of this Contract. ▓▓▓ acknowledges that the Success Fee to Avenue shall be deemed to have been earned at the time of payment.

4. Avenue's commitment to commence, continue and complete the work will be subject to ▓▓▓ fulfilling its payment obligations as per the payment schedule and other terms of this Contract

▓▓▓-Contract-2013-08-26

Avenue Ventures

Los Angeles • Washington • New York • Dubai • Mumbai • Hong Kong • Beijing • Shanghai

FOIA Confidentiality Requested

ZUB-GJS-00008976

of Engagement.

**EXPENSES**

Avenue will be responsible for all expenses and disbursements incurred in connection with the provision of the Services, except for:

1. the expenses for traveling outside the Los Angeles metropolitan area of the State of California, visas, meals, boarding and lodging expenses incurred during such travel ("Reimbursable Expenses");

2. any expenses incurred for hiring outside consultants or other additional specific expenses required to complete the transaction/project; which will be described in the Written Request for services (WRS) and will be approved by ▮ in writing in advance.

3. Reimbursable Expenses will be invoiced on an as and when basis separately from invoices for General Retainer and Project Retainer Fees. Invoices for Reimbursable Expenses are due and payable within five (5) days of ▮ receipt of such invoice.

Remainder of this page left blank



▮-Contract-2013-08-26

Avenue Ventures

Los Angeles • Washington • New York • Dubai • Mumbai • Hong Kong • Beijing • Shanghai

FOIA Confidentiality Requested                                                    ZUB-GJS-00008977

## SCOPE OF WORK

1. Avenue understands that ▉ wishes Avenue to approach government entities, semi-government entities and private companies/entities in the United States, Asia, Africa and the Middle East, to find, structure and execute on opportunities for various business transactions including private placement, share deal flow, IPO allocation, JV opportunities, franchise opportunities and other opportunities. To achieve this objective ▉ requires local assistance and an assessment of the market opportunity, introductions, business development/deal flow, development of a business concept/plan, support in screening for potential JV or other partners and assistance in closing these deals/transactions and possible assistance in finding financing ("Services"). Both parties understand that services will be performed on an as-needed basis. Avenue will perform services only when requested by ▉ in writing. Avenue acknowledges that ▉ is not required to pursue, engage or otherwise complete any transaction/project that is introduced by Avenue.

2. The scope of work is expected, but not limited to, the following: introductions to local business and government officials, suggesting potential JV partners, help in due diligence, developing a business strategy/model/plan, support in developing a JV structure, negotiation, financing advice and such other functions as are mutually agreed by the parties. The focus of Avenue will be provide deal flow, help is due diligence, negotiate and etc. Both parties explicitly agree that Avenue shall not be asked or expected to provide services which would contravene the laws of the United States or any jurisdiction in which the services performed by Avenue under which this Contract are provide.

3. Specific work to be performed by Avenue will vary with each opportunity/project. More detailed work requirements may be described in the WRS from ▉ to Avenue which shall take the form of addendum to this Contract that lays out terms and conditions specific to each project.

## FEES

1. General Retainer to engage: two hundred fifty (US$250,000) thousand dollars per year.

2. WRS: Project Retainer: hundred thousand (US$100,000) per jurisdiction per year. Not applicable and/or waived

3. Success Fee of ten (10%) percentage of the project or transaction value unless otherwise agreed to in writing between ▉ and Avenue Ventures.



▉-Contract-2013-08-26

Avenue Ventures

Los Angeles • Washington • New York • Dubai • Mumbai • Hong Kong • Beijing • Shanghai

We look forward to working with you.

Please initial each page, sign and return a copy of this Contract as a confirmation of your acceptance of this Contract.

Accepted and Agreed, for and on behalf

Name:
Title: Executive Chairman

Date: January 1, 2013
Yours truly,

_____
Imaad Zuberi
Partner
Avenue Ventures

-Contract-2013-08-26



Los Angeles • Washington • New York • Dubai • Mumbai • Hong Kong • Beijing • Shanghai

FOIA Confidentiality Requested

ZUB-GJS-00008979