# EXHIBIT 1C



**From:** Evan J. Davis <davis@taxlitigator.com>
**Sent:** Thursday, July 09, 2020 6:05 PM
**To:** Stevens Farrell L <████████@irs.gov>
**Subject:** FW: New Escrow 10-11023-KLW/ 1024 S Atlantic Blvd, Alhambra

Farrell:

Please see attached the estimated closing statement.

Note that the sellers intend to reserve funds to pay capital gains on the property, to ensure they pay all taxes due. I will get that number shortly. Also, they intend to reserve some funds to pay their criminal defense counsel. We can discuss that amount as well.

Please get back to me regarding using the closing instructions instead of filing a nominee lien, which would in my opinion lead to a process much messier than necessary.

Concerning the other nominee/alter ego liens, I would like to revisit that issue as well, for the same reasons. Other properties are up for sale and slapping nominee/alter ego liens on the properties could make them unsaleable, as the ownership would be clouded. We would like to talk to the IRS about what other arrangements could be made to protect the IRS without making it harder, or even impossible, to sell properties. The government claims that it wants Mr. Zuberi to pay his tax debt but nominee/alter ego liens will prevent the payment (==unless the government intends to foreclose on federal tax liens, which we all understand would be a multi-year process in federal district court==

<mark>that could include other investors who have been promised interests in the properties).</mark>  The real estate market is already in weak shape, and buyers no doubt can find properties that don't have nominee liens on them.

The best approach is one that permits Mr. Zuberi to sell these properties in the fastest and cleanest way.  He gave the IRS proceeds of the first sale and he has promised to do the same from subsequent sales.  Particularly before sentencing, it would be counterproductive to file any liens.

Please reach out to me to discuss this further.  If you prefer to involve a manager or counsel, I'm happy to discuss this with them as well.

Thank you,

Evan

Evan J. Davis
Hochman Salkin Toscher Perez, P.C.