# EXHIBIT 1D

| | |
|---|---|
| **From:** | Evan J. Davis |
| **To:** | OBrien, Daniel J. (USACAC) |
| **Cc:** | Ivy A. Wang; Thomas P. O"Brien; Nate Brown; Heinz, Judith (USACAC); Turgeon, Evan (NSD); Fernandez, Elisa (USACAC) |
| **Subject:** | RE: Matter - Additional Time [IWOV-DOCSLA.FID343876] |
| **Date:** | Tuesday, September 22, 2020 11:40:47 AM |

Dan:

As far as I know, there were no interested buyers, or no interested buyers who offered a fair price for the earlier-listed properties. I have been told the properties were shown to interested buyers, but we can't force anyone to make a good offer. Then, COVID hit, which made residential rental properties even riskier and appears to have taken a toll on prices.

However, you are right – these properties have claims against them, but the government (the IRS primarily) is essentially forcing the client to list/sell without regard to those other claims through the threat of nominee tax liens against all properties that would cloud title and make it impossible to sell near the market value. In case it's not clear why, a nominee lien is a notice that the IRS thinks the titleholder isn't really the titleholder, and instead is a nominee for a taxpayer who owes a tax debt. As far as I know, the LLCs were generally operated as LLCs and wouldn't qualify as nominees, and I think the nominee liens here are erroneous. However, to enforce the nominee lien the government will have to litigate over the proceeds of any sale, as it's not the same as a regular tax lien that arises automatically through operation of law as a consequence of an assessment. The upshot is a cloud on title.

The taxpayers then have to choose: (1) list all properties regardless of claims by other investors to stave off the IRS filing nominee liens that would reduce all properties' sale value, sell whichever ones they can, and sort out the investors' claims later; or (2) prioritize the investors' claims, refuse to list certain properties subject to such claims, and allow the IRS to substantially devalue all the properties with the nominee liens. Avoiding the appearance that he was disregarding anyone's interest in real property is one of the primary reasons that Mr. Zuberi was trying to travel and arrange for funding outside the United States, the dispute over which has been well documented. Mr. Zuberi is being placed in an impossible position, but he appears to have little choice when being pressed on one side by the criminal case and on the other side by the IRS. The government's position has been that there's enough equity in the real properties to satisfy both the taxes and the investors, which at least gives comfort that selling the properties won't give rise to allegations that Mr. Zuberi is doing something improper vis a vis the investors.
Evan

Evan J. Davis
Hochman Salkin Toscher Perez P.C.

---

**From:** OBrien, Daniel J. (USACAC) <███████@usdoj.gov>
**Sent:** Tuesday, September 22, 2020 9:56 AM
**To:** Evan J. Davis ███████@taxlitigator.com>

**Cc:** Ivy A. Wang <███@bgrfirm.com>; Thomas P. O'Brien <███@bgrfirm.com>; Nate Brown <███@bgrfirm.com>; Heinz, Judith (USACAC) <███████@usdoj.gov>; Turgeon, Evan (NSD) <████████@usdoj.gov>; Fernandez, Elisa (USACAC) <████████@usdoj.gov>
**Subject:** RE: Matter - Additional Time [IWOV-DOCSLA.FID343876]

I'm really confused now. If California and Duarte were listed a year ago, why weren't they sold? Why is he selling ALL the properties now? You previously argued that the properties were encumbered and could not be sold; what has changed?

---

**From:** Evan J. Davis <████@taxlitigator.com>
**Sent:** Monday, September 21, 2020 7:35 PM
**To:** OBrien, Daniel J. (USACAC) <████████@usa.doj.gov>
**Cc:** Ivy A. Wang <████@bgrfirm.com>; Thomas P. O'Brien <████@bgrfirm.com>; Nate Brown <████@bgrfirm.com>; Heinz, Judith (USACAC) <██████@usa.doj.gov>; Turgeon, Evan (NSD) <██████@jmd.usdoj.gov>; Fernandez, Elisa (USACAC) <████████@usa.doj.gov>
**Subject:** Re: Matter - Additional Time [IWOV-DOCSLA.FID343876]

Rosemead was August 2020 the other two in September 2019.

Evan J. Davis
Hochman Salkin Toscher Perez P.C.
████████

> On Sep 21, 2020, at 6:50 PM, OBrien, Daniel J. (USACAC) <████████@usdoj.gov> wrote:
>
> When were Rosemead, California, and Duarte listed?
>
> **From:** Evan J. Davis <████@taxlitigator.com>
> **Sent:** Friday, September 18, 2020 12:52 PM
> **To:** OBrien, Daniel J. (USACAC) <████████@usa.doj.gov>; Ivy A. Wang <████@bgrfirm.com>; Thomas P. O'Brien <████@bgrfirm.com>; Nate Brown <████@bgrfirm.com>
> **Cc:** Heinz, Judith (USACAC) <██████@usa.doj.gov>; Turgeon, Evan (NSD) <██████@jmd.usdoj.gov>; Fernandez, Elisa (USACAC) <████████@usa.doj.gov>
> **Subject:** RE: Matter - Additional Time [IWOV-DOCSLA.FID343876]
>
> I've now seen the listing agreements for three properties: Rosemead, California, and Duarte. Medina and Clary (which presumably need not be sold if the others are) may be listed soon; we had proposed listing them to the IRS in exchange for their not attempting to file nominee liens but never heard back on that suggestion (nominee liens, for which I don't see a legal basis here, would cloud title and make it impossible

to get near market value, in my opinion). The Medina and Clary properties may be listed notwithstanding that the IRS didn't commit to that deal. If that happens I will update you.

Evan J. Davis
Hochman Salkin Toscher Perez P.C.

---

**From:** Evan J. Davis
**Sent:** Thursday, September 17, 2020 12:41 PM
**To:** 'OBrien, Daniel J. (USACAC)' <████████@usdoj.gov>; Ivy A. Wang <████@bgrfirm.com>; Thomas P. O'Brien <██████@bgrfirm.com>; Nate Brown <██████@bgrfirm.com>
**Cc:** Heinz, Judith (USACAC) <████████@usdoj.gov>; Turgeon, Evan (NSD) <████████@usdoj.gov>; Fernandez, Elisa (USACAC) <████████@usdoj.gov>
**Subject:** RE: Matter - Additional Time [IWOV-DOCSLA.FID343876]

I've seen a listing agreement for Rosemead 32 and indications that some or all of the remaining four income properties were listed, but I've just asked for confirmation from the client and will get back to you when I have current information.

Evan J. Davis
Hochman Salkin Toscher Perez, P.C.

---

**From:** OBrien, Daniel J. (USACAC) <████████@usdoj.gov>
**Sent:** Thursday, September 17, 2020 12:28 PM
**To:** Evan J. Davis <█████@taxlitigator.com>; Ivy A. Wang <█████@bgrfirm.com>; Thomas P. O'Brien <██████@bgrfirm.com>; Nate Brown <██████@bgrfirm.com>
**Cc:** Heinz, Judith (USACAC) <████████@usdoj.gov>; Turgeon, Evan (NSD) <████████@usdoj.gov>; Fernandez, Elisa (USACAC) <████████@usdoj.gov>
**Subject:** RE: Matter - Additional Time [IWOV-DOCSLA.FID343876]

What other properties have been listed?

---

**From:** Evan J. Davis <davis@taxlitigator.com>
**Sent:** Thursday, September 17, 2020 12:14 PM
**To:** OBrien, Daniel J. (USACAC) <██████@usa.doj.gov>; Ivy A. Wang <█████@bgrfirm.com>; Thomas P. O'Brien <██████@bgrfirm.com>; Nate Brown <██████@bgrfirm.com>
**Cc:** Heinz, Judith (USACAC) <██████@usa.doj.gov>; Turgeon, Evan (NSD) <████████@jmd.usdoj.gov>; Fernandez, Elisa (USACAC) <████████@usa.doj.gov>

**Subject:** RE: Matter - Additional Time [IWOV-DOCSLA.FID343876]

Dan:

McCulloch is the property. I don't have an exact listing date, but I see discussions in July that it had been listed for some time with no offers. This offer was received in early August. Negotiations occurred in the first two weeks of August, with a listing price of $4.5 million and initial offer of $3.95 million. Final contract price is $4.1 million. It won't be sufficient by itself to meet his tax obligations. I understand the other properties are listed for sale and I've been in contact with the Revenue Officer regarding IRS collection actions including liens on the properties.

To keep track of what's been paid:
- $3.6 million from sale of Atlantic
- $1.7 million from sale of Fountain
- $500k check (had to be sent twice as no one processed the first one in May because of COVID)
- Soon to be proceeds of McCulloch (don't know the exact amount but it obviously won't be $4.1 million as there was a loan at last check plus commissions, taxes, etc. to be paid)
- $3 million cash bond that the parties agreed in the plea agreement shall be paid over to the IRS

Total paid/in bond is therefore $8.8 million by my computation.

Thanks,

Evan

Evan J. Davis
Hochman Salkin Toscher Perez, P.C.

---

**From:** OBrien, Daniel J. (USACAC) <████████@usdoj.gov>
**Sent:** Thursday, September 17, 2020 11:42 AM
**To:** Ivy A. Wang <iwang@bgrfirm.com>; Thomas P. O'Brien <tobrien@bgrfirm.com>; Nate Brown <nbrown@bgrfirm.com>; Evan J. Davis <davis@taxlitigator.com>
**Cc:** Heinz, Judith (USACAC) <████████@usdoj.gov>; Turgeon, Evan (NSD) <████████@usdoj.gov>; Fernandez, Elisa (USACAC) <████████@usdoj.gov>
**Subject:** RE: Matter - Additional Time [IWOV-DOCSLA.FID343876]

Hello, Ivy.

What property will be sold on November 3? When was it listed for sale? What is the

contract price? Will it be sufficient to meet Mr. Zuberi's tax obligations?

---

**From:** Ivy A. Wang <iwang@bgrfirm.com>
**Sent:** Monday, September 14, 2020 11:54 AM
**To:** Fernandez, Elisa (USACAC) <▮@usa.doj.gov>; Thomas P. O'Brien <tobrien@bgrfirm.com>; Nate Brown <nbrown@bgrfirm.com>; Evan J. Davis <davis@taxlitigator.com>
**Cc:** Heinz, Judith (USACAC) <▮@usa.doj.gov>; OBrien, Daniel J. (USACAC) <▮@usa.doj.gov>; Turgeon, Evan (NSD) <▮@jmd.usdoj.gov>
**Subject:** RE: Matter - Additional Time [IWOV-DOCSLA.FID343876]

Hi Elisa,

Would the government be willing to continue the sentencing hearing to November 22, and the deadline for the final sentencing positions to November 1? As IRS is aware, our client is closing on a fairly significant property sale on November 3. We would like to be able to submit information on the sale, and the resulting payment towards restitution, in our final brief to the Court prior to sentencing. (We are assuming we can file a response to each other's final sentencing positions, if we choose, 14 days before the sentencing hearing. If the government is going to oppose the filing of any response, then we would ask that the sentencing hearing be continued to November 29, and the final sentencing positions to November 8, for the reasons stated.)

Thanks,
Ivy

---

**From:** Fernandez, Elisa (USACAC) <▮@usdoj.gov>
**Sent:** Friday, September 11, 2020 5:08 PM
**To:** Ivy A. Wang <▮@bgrfirm.com>; Thomas P. O'Brien <▮@bgrfirm.com>; Nate Brown <▮@bgrfirm.com>; Evan J. Davis <▮@taxlitigator.com>
**Cc:** Heinz, Judith (USACAC) <▮@usdoj.gov>; OBrien, Daniel J. (USACAC) <▮@usdoj.gov>; Turgeon, Evan (NSD) <▮@usdoj.gov>
**Subject:** RE: Matter [IWOV-DOCSLA.FID343876] - Additional Time

Ivy,

Thank you. At this time we would propose a joint stipulation to revise the briefing schedule and continue the sentencing hearing date as follows:

|  | **Current Date** | **Proposed Date** |
|---|---|---|
| Final Sentencing Positions: | Sept 21. | **Oct. 19** |
| Sentencing Hearing: | Oct. 5 | **Nov. 9** |

The above-dates moves the due date for briefs by four weeks and provides the Court three weeks to review the material. Given the volume and density of the material that