# EXHIBIT 4

## Agreement

This agreement ("Agreement") is made and entered into this date of April 28, 2017 ("Agreement Date") by and between:

1. **BHUS Limited**, a company incorporated and existing under the laws of the British Virgin Islands ("BHUS");

2. **Avenue Capital Group, Inc., a California corporation, d/b/a Avenue Ventures**, incorporated and existing under the laws of the State of California, USA, ("AV"); and

3. **Mr. Imaad Zuberi**, a US national ("Mr. Zuberi")

4. **USCares, LLC**, a Delaware limited liability company ("USCares")

**WHEREAS**

1. BHUS agreed to make an investment in USCares, a company which BHUS expected at the time would be applying for a license from the Office of Foreign Assets Control permitting it to export certain food, medicine and medical supplies from the United States to Iran (the "Investment"). The foregoing license was pursued but not granted within the expected timeline.

2. Through the Investment, BHUS would obtain 20% of the Class B shares in US Cares for US$2,000,000 (the "Investment Amount").

3. As agreed by the parties at the time of the original Investment, due to the failure to obtain the license within the expected timeline, USCares and Avenue Ventures (as Manager of US Cares) will return to BHUS a portion of the investment as agreed in the terms of this Agreement.

**NOW THEREFORE**, it has been mutually agreed as follows:

### 1. Consideration

1.1 Upon the full execution of this Agreement, USCares and Avenue Ventures will transfer to BHUS an amount equal to US$500,000 (the "First Cash Payment"). Within 15 days of the Agreement Date, US Cares and Avenue Ventures will transfer to BHUS an additional amount equal to US$500,000 (the "Second Cash Payment") (the First Cash Payment and the Second Cash Payment collectively being the "Cash Consideration").

1.2 If Mr. Zuberi, AV or USCares fails to pay the Cash Consideration as described in Section 1.1, then Mr. Zuberi, AV and/or USCares shall pay to BHUS an amount equal to US$2,000,000, less any amounts received by BHUS from Mr. Zuberi, AV or US Cares.

1

FOIA Confidentiality Requested

ZUB-GJS-00021954

## 2. Release

2.1 BHUS (for itself and its affiliates, successors, directors, officers, employees, representatives and assigns) hereby irrevocably releases and discharges, USCares, Mr. Zuberi and AV from and against all causes of action, obligations, claims and demands whatsoever, in contract, law or otherwise which BHUS ever had, now has or can ever have against USCares, Mr. Zuberi and AV, upon or by reason of any matter, cause or thing relating to the Investment or the Investment Amount.

2.2 AV (for itself and its affiliates, successors, directors, officers, employees, representatives and assigns) hereby irrevocably releases and discharges BHUS from and against all causes of action, obligations, claims and demands whatsoever, in contract, law or otherwise which AV ever had, now has or can ever have against BHUS, upon or by reason of any matter, cause or thing relating to the Investment or the Investment Amount.

2.3 Mr. Zuberi hereby irrevocably releases and discharges BHUS from and against all causes of action, obligations, claims and demands whatsoever, in contract, law or otherwise which Mr. Zuberi ever had, now has or can ever have against BHUS, upon or by reason of any matter, cause or thing relating to the Investment or the Investment Amount.

2.4 USCares hereby irrevocably releases and discharges BHUS from and against all causes of action, obligations, claims and demands whatsoever, in contract, law or otherwise which USCares ever had, now has or can ever have against BHUS, upon or by reason of any matter, cause or thing relating to the Investment or the Investment Amount.

## 3. General

3.1 If any term, condition or provision of this Agreement shall be found to be illegal or unenforceable, such clause shall be modified or deleted so as to make the balance of this Agreement, as modified, valid and enforceable to the fullest extent permitted by law.

3.2 The Parties represent and warrant that they have the legal right and authority to enter into this Agreement and that this Agreement is a legal, valid and binding obligation enforceable against the Parties in accordance with its terms.

3.3 Each Party covenants that neither the execution of this Agreement nor the performance of its obligations hereunder violates or conflicts with any term or condition of any other agreement or obligation.

3.4 This Agreement may be executed in two or more counterparts which when taken together shall be the same as if a single document has been executed.

3.5 This Agreement may not be modified or amended except in writing with the prior written consent of the Parties.

2

FOIA Confidentiality Requested

ZUB-GJS-00021955

3.6  This Agreement shall be governed by the laws of the State of California, USA. Any disputes relating to this Agreement shall be resolved by the Courts of the State of California, USA. The Parties agree that reasonable attorneys' fees shall be paid to the prevailing Party in any dispute relating to this Agreement.

3.7  Each of BHUS, USCares, AV and Mr. Zuberi shall keep and maintain confidential all terms of this Agreement, including all documents, records, materials, information, agreements, and contracts (the "Confidential Materials") and shall not disclose any of the Confidential Materials to any third parties not involved in the Investment or this Agreement.

*[Signatures on following page]*

3

FOIA Confidentiality Requested

ZUB-GJS-00021956

The Parties have hereunto agreed to the above as of the Agreement Date.

For BHUS Limited

BHUS Limited

Name: ANWAR BUKHAMSEEN
Title:

Avenue Capital Group, Inc.,
a California corporation, d/b/a Avenue Ventures

By: _____
Name: Imaad Zuberi
Title:

Mr. Imaad Zuberi

US Cares, LLC,
a Delaware limited liability company

By: Avenue Capital Group, Inc.,
a California corporation, d/b/a Avenue Ventures,
its Manager

Name: Imaad Zuberi
Title:

4

FOIA Confidentiality Requested

ZUB-GJS-00021957

| | |
|---|---|
| From: | imaad zuberi <​███████@avenueventure.com> |
| To: | 'Steve Albert Khayat'; ███@bukhamseen.com |
| CC: | 'John Sandweg'; 'Matthew Burbach' |
| Sent: | 4/29/2017 9:17:52 PM |
| Subject: | FW: BHUS agreement with USCares 04-2017 |
| Attachments: | BHUS agreement with USCares 04-2017.pdf |

FOIA Confidentiality Requested

ZUB-GJS-00021958

## Agreement

This agreement ("Agreement") is made and entered into this date of April 28, 2017 ("Agreement Date") by and between:

1. **BHUS Limited**, a company incorporated and existing under the laws of the British Virgin Islands ("BHUS");

2. **Avenue Capital Group, Inc., a California corporation, d/b/a Avenue Ventures,** incorporated and existing under the laws of the State of California, USA, ("AV"); and

3. **Mr. Imaad Zuberi,** a US national ("Mr. Zuberi")

4. **USCares, LLC,** a Delaware limited liability company ("USCares")

**WHEREAS**

1. BHUS agreed to make an investment in USCares, a company which BHUS expected at the time would be applying for a license from the Office of Foreign Assets Control permitting it to export certain food, medicine and medical supplies from the United States to Iran (the "Investment"). The foregoing license was pursued but not granted within the expected timeline.

2. Through the Investment, BHUS would obtain 20% of the Class B shares in US Cares for US$2,000,000 (the "Investment Amount").

3. As agreed by the parties at the time of the original Investment, due to the failure to obtain the license within the expected timeline, USCares and Avenue Ventures (as Manager of USCares) will return to BHUS a portion of the investment as agreed in the terms of this Agreement.

**NOW THEREFORE**, it has been mutually agreed as follows:

1. **Consideration**

1.1 Upon the full execution of this Agreement, USCares and Avenue Ventures will transfer to BHUS an amount equal to US$500,000 (the "First Cash Payment"). Within 15 days of the Agreement Date, USCares and Avenue Ventures will transfer to BHUS an additional amount equal to US$500,000 (the "Second Cash Payment") (the First Cash Payment and the Second Cash Payment collectively being the "Cash Consideration").

1.2 If Mr. Zuberi, AV or USCares fails to pay the Cash Consideration as described in Section 1.1, then Mr. Zuberi, AV and/or USCares shall pay to BHUS an amount equal to US$2,000,000, less any amounts received by BHUS from Mr. Zuberi, AV or USCares.

FOIA Confidentiality Requested

ZUB-GJS-00021959

## 2. Release

2.1   BHUS (for itself and its affiliates, successors, directors, officers, employees, representatives and assigns) hereby irrevocably releases and discharges, USCares, Mr. Zuberi and AV from and against all causes of action, obligations, claims and demands whatsoever, in contract, law or otherwise which BHUS ever had, now has or can ever have against USCares, Mr. Zuberi and AV, upon or by reason of any matter, cause or thing relating to the Investment or the Investment Amount.

2.2   AV (for itself and its affiliates, successors, directors, officers, employees, representatives and assigns) hereby irrevocably releases and discharges BHUS from and against all causes of action, obligations, claims and demands whatsoever, in contract, law or otherwise which AV ever had, now has or can ever have against BHUS, upon or by reason of any matter, cause or thing relating to the Investment or the Investment Amount.

2.3   Mr. Zuberi hereby irrevocably releases and discharges BHUS from and against all causes of action, obligations, claims and demands whatsoever, in contract, law or otherwise which Mr. Zuberi ever had, now has or can ever have against BHUS, upon or by reason of any matter, cause or thing relating to the Investment or the Investment Amount.

2.4   USCares hereby irrevocably releases and discharges BHUS from and against all causes of action, obligations, claims and demands whatsoever, in contract, law or otherwise which USCares ever had, now has or can ever have against BHUS, upon or by reason of any matter, cause or thing relating to the Investment or the Investment Amount.

## 3. General

3.1   If any term, condition or provision of this Agreement shall be found to be illegal or unenforceable, such clause shall be modified or deleted so as to make the balance of this Agreement, as modified, valid and enforceable to the fullest extent permitted by law.

3.2   The Parties represent and warrant that they have the legal right and authority to enter into this Agreement and that this Agreement is a legal, valid and binding obligation enforceable against the Parties in accordance with its terms.

3.3   Each Party covenants that neither the execution of this Agreement nor the performance of its obligations hereunder violates or conflicts with any term or condition of any other agreement or obligation.

3.4   This Agreement may be executed in two or more counterparts which when taken together shall be the same as if a single document has been executed.

3.5   This Agreement may not be modified or amended except in writing with the prior written consent of the Parties.

FOIA Confidentiality Requested

ZUB-GJS-00021960

3.6  This Agreement shall be governed by the laws of the State of California, USA. Any disputes relating to this Agreement shall be resolved by the Courts of the State of California, USA. The Parties agree that reasonable attorneys' fees shall be paid to the prevailing Party in any dispute relating to this Agreement.

3.7  Each of BHUS, USCares, AV and Mr. Zuberi shall keep and maintain confidential all terms of this Agreement, including all documents, records, materials, information, agreements, and contracts (the "Confidential Materials") and shall not disclose any of the Confidential Materials to any third parties not involved in the Investment or this Agreement.

*[Signatures on following page]*

FOIA Confidentiality Requested

ZUB-GJS-00021961

The Parties have hereunto agreed to the above as of the Agreement Date.

For BHUS Limited

BHUS Limited

_____
Name:
Title:

Avenue Capital Group, Inc.,
a California corporation, d/b/a Avenue Ventures

By: _____
Name: Imaad Zuberi
Title:

Mr. Imaad Zuberi

_____

USCares, LLC,
a Delaware limited liability company

    By:    Avenue Capital Group, Inc.,
                a California corporation, d/b/a Avenue Ventures,
                its Manager

_____
Name: Imaad Zuberi
Title:

FOIA Confidentiality Requested

ZUB-GJS-00021962