TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Deputy Chief, Public Corruption & Civil Rights Section
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney
Public Corruption & Civil Rights Section
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Trial Attorney, National Security Division
    1500 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2468/7383/7280
    Facsimile: (213) 894-2927
    E-mail:  daniel.obrien@usdoj.gov
    E-mail:  elisa.fernandez@usdoj.gov
    E-mail:  judith.heinz@usdoj.gov
EVAN N. TURGEON (D.C. Bar No. 1010816)
Trial Attorney, National Security Division
United States Department of Justice
    950 Pennsylvania Avenue, N.W., Suite 7700
    Washington, D.C. 20530
    Telephone: (202) 353-0176
    E-mail:   evan.turgeon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>IMAAD SHAH ZUBERI,<br><br>    Defendant. | No. LACR19-642-VAP<br>No. LACR20-155-VAP<br><br>GOVERNMENT'S *EX PARTE* APPLICATION FOR AN ORDER MODIFYING CONDITIONS OF RELEASE FOR DEFENDANT IMAAD SHAH ZUBERI; MEMORANDUM OF POINTS AND AUTHORITIES; [PROPOSED] ORDER LODGED CONCURRENTLY<br><br>Hearing Date: None Requested |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California, hereby files, *ex parte,* an application for an order to modify conditions of release for defendant Imaad Shah Zuberi.

This *ex parte* application is based upon the files and records in this case.

Dated: February 19, 2021            Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


      /s/
DANIEL J. O'BRIEN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

The government moves *ex parte* for an ordering modifying the conditions of release for defendant Imaad Shah Zuberi ("defendant") currently set forth in orders issued by Magistrate Judge Charles F. Eick on October 30, 2019 and February 6, 2020.  The defendant's bond as set by Magistrate Judge Eick permits travel throughout the United States (and internationally with the prior written authorization of the U.S. Attorney's Office).

On February 18, 2021, this Court sentenced defendant to a custodial term of 144 months (12 years).  Defendant was directed to surrender on May 25, 2021.  In order to limit the risk of flight, the Court stated that it would modify defendant's bond to include home monitoring via ankle bracelet and telephonic voice monitoring.  In addition, the parties stipulated that defendant and his spouse would execute quit claim deeds on property valued in excess of $6 million and that the government could file and record these deeds, and sell such properties in satisfaction of obligations to the Internal Revenue Service ("IRS"), in the event did not surrender as directed. The Court adopted these terms as a condition of defendant's bond.

Following the sentencing hearing, the government spoke to the assigned U.S. Probation Officer and was advised that an order of home monitoring does not necessarily preclude substantial travel away from defendant's home.

The risk of defendant's flight has increased given the lengthy sentence imposed by the Court.  Defendant was born in Pakistan, has family in Pakistan, real estate holdings in Pakistan, bank accounts in Dubai and various Middle Eastern countries, and significant

overseas wealth that could sustain him, and his family, if he left the country.

Although defendant has a wife and two young children living in Los Angeles country, there is no mechanism to prevent them from visiting or joining defendant overseas. Defendant's spouse was born in China. Over the past several years, defendant has spent much of his time overseas. Indeed, travel records for the first half of 2018 show that defendant spent the majority of his time traveling overseas rather than residing within the Central District of California with his family.

Although defendant has honored the terms of his bond conditions prior to sentencing, the factual circumstances have changed because the Court ordered a lengthy sentence rather than the sentence of home confinement the defendant sought. Moreover, as the Court found, to this day, defendant has not accepted responsibility for his criminal conduct which indicates a greater risk of flight.

**II.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the home monitoring condition be supplemented with a travel restriction that defendant be confined to his home during curfew hours between 5:00 p.m. to 9:00 a.m. and that he be limited to travel outside of home during non-curfew hours within a radius of five miles.

**DECLARATION OF DANIEL J. O'BRIEN**

I, DANIEL J. O'BRIEN, declare as follows:

1. I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California responsible for the matter of *United States v. Imaad Shah Zuberi*, CR 19-642-VAP.

2. On February 19, 2021, I discussed defendant's travel restrictions with Ivy Wang, counsel for the defendant. She informed me that her client does not object to restricting his travel to Los Angeles and Orange Counties in California prior to his surrender. Ms. Wang also informed me that travel to Orange County is important to Mr. Zuberi so that he can visit the cemetery where his mother is buried.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on February 19, 2021.

_____
DANIEL J. O'BRIEN