# EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                   Plaintiff,<br><br>v.<br><br>JOSE ANGEL MAGANA,<br><br>                                   Defendant. | Case No.: 19-CR-2581 (DMS)<br><br>**ORDER DENYING MOTION TO RECONSIDER AND GRANTING MOTION TO EXTEND SELF-SURRENDER DATE** |

      On October 23, 2020, Defendant Jose Angel Magana filed, under seal, a motion to reconsider the four-month custodial sentence imposed, or in the alternative, to extend the self-surrender date of November 6, 2020. The Government filed a response under seal.[1] Defendant did not file a reply. For the following reasons, Defendant's motion to reconsider the sentence is denied.

//
//
//

---

[1] On November 3, 2020, Defendant filed an opposition to the Government's motion to file its response under seal. (ECF No. 80.) The Government shall file a reply on or before **November 10, 2020**.

**Exhibit A**

**4**

# I.
# BACKGROUND

On August 8, 2019, Defendant pled guilty to bringing in unlawful alien(s) without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii).  (ECF No 40.)  On August 7, 2020, Defendant was sentenced to four months of imprisonment and two years of supervised release.  (ECF No. 69.)  Defendant was ordered to self-surrender by noon on November 6, 2020.  (*Id.*)

Defendant now presents a letter from his doctor indicating that Defendant suffers from obesity, diabetes, and hypertension.  (D's Mot. at 1.)  Due to a perceived COVID-19 outbreak at the Metropolitan Correctional Center in San Diego ("MCC") where he is to self-surrender, Defendant now moves the Court to reconsider his sentence.  (D's Mot. at 1-2.)  In the alternative, Defendant moves the Court to extend his self-surrender date from November 6, 2020, to March 6, 2021.  (D's Mot. at 2.)

# II.
# DISCUSSION

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  Defendant argues that the Court should reconsider its sentence based on "newly discovered evidence" in the form of a doctor's letter indicating that Defendant suffers from obesity, diabetes, and hypertension. (D's Mot. at 1.)  But the Court was already aware of Defendant's underlying health conditions and the associated COVID-19 risk at the time of sentencing.  (PSR at ¶ 43; D's Sentencing Memorandum at 3-5.)  Moreover, Defendant does not point to any statute or reasoning under Rule 35 of the Federal Rules of Criminal Procedure which would allow the Court to modify Defendant's sentence.  Therefore, Defendant's motion to reconsider is denied.

In response to Defendant's allegations of a COVID-19 outbreak at the MCC, the Government contends that at this time, only three inmates and no staff members at the

**Exhibit A**
**5**

MCC have tested positive for COVID-19.  (Opp. at 5.)  In any case, the Government does not oppose Defendant's motion to extend his self-surrender date and proposes extending it to January 5, 2021.  (Opp. at 7.)  The Court grants Defendant's motion to extend his self-surrender date until noon on January 5, 2021.

### III.
### CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to reconsider is DENIED and Defendant's motion to extend his self-surrender date is GRANTED.  Defendant is to self-surrender **by noon on January 5, 2021.**

Defendant filed an opposition to the Government's motion to file its response under seal.  (ECF No. 80.)  The Government shall file a reply on or before **November 10, 2020**.

**IT IS SO ORDERED.**

Dated:  November 5, 2020

                                                                            _____
                                                                            Hon. Dana M. Sabraw
                                                                            United States District Judge