# EXHIBIT A

Ashwin J. Ram
213 439 9443
aram@steptoe.com

**Steptoe**

633 West Fifth Street
Suite 1900
Los Angeles, CA 90071
213 439 9400 main
www.steptoe.com

April 18, 2021

<u>By Electronic Mail</u>

Mack Jenkins
Daniel James O'Brien
Elisa Fernandez
Judith A Heinz
Assistant United States Attorneys
U.S. Attorney's Office for the
Central District of California
312 North Spring Street
Los Angeles, CA 90012

    Re:    *United States v. Zuberi*, No. 2:19-cr-00642-VAP

Dear Counsel:

    On behalf of Defendant Imaad Shah Zuberi, we write to request immediate identification and disclosure, under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, including *United States v. Agurs*, 427 U.S. 97 (1976), *Kyles v. Whitley*, 514 U.S. 419 (1995), *Jackson v. Brown*, 513 F.3d 1057 (9th Cir. 2008), and California Rule of Professional Conduct, Rule 3.8, of all information (in whatever form) that would tend to exculpate Mr. Zuberi or mitigate his punishment with respect to the charges against him.

    We further request immediate identification and disclosure, under *Napue v. Illinois*, 360 U.S. 264 (1959), *Alcorta v. Texas*, 355 U.S. 28 (1957), and their progeny, including *Hayes v. Brown*, 399 F.3d 972 (9th Cir. 2005) (en banc), and California Rule of Professional Conduct, Rule 3.3, of all information (in whatever form) that would tend to show that Mr. Zuberi's convictions or sentence rest in any part on evidence or information submitted to the Court that was false.

    This request includes information in the possession, custody, or control of the United States Attorney's Office or any agency or individual who participated in the investigation or prosecution of Mr. Zuberi. *United States v. Cano*, 934 F.3d 1002, 1023 (9th Cir. 2019) (emphasizing that

U.S. Attorney's Office
Central District of California
April 18, 2021
Page 2

**Steptoe**

"[d]ocuments held by another executive branch agency are deemed to be 'in the possession of the government' if the prosecutor has 'knowledge of and access to' the documents," and "knowledge and access are presumed if the agency participates in the investigation of the defendant"); *Carriger v. Stewart*, 132 F.3d 463, 480 (9th Cir. 1997) (en banc) ("Because the prosecution is in a unique position to obtain information known to other agents of the government, it may not be excused from disclosing what it does not know but could have learned.").

For purposes of the *Brady* doctrine, "the format of the information does not determine whether it is discoverable." Department Memorandum for Department Prosecutors Providing Guidance for Prosecutors Regarding Criminal Discovery, at 6 (Jan. 4, 2010). For example, material exculpatory information that is provided "during a conversation with an agent or a witness is no less discoverable than if that same information were contained in an email." *Id*. We therefore expect that all such information will be memorialized and produced to Mr. Zuberi.

We also request the underlying source material for any Brady information as opposed to a summary letter or paraphrased description of the information. This request is continuing in nature.

This request includes, without limitation, any information (in whatever form) tending to show that:

- any of the allegations in the Informations or their factual bases are not true or accurate;

- any of the charged conduct did not violate the law;

- any of the charged conduct was done with the approval, or at the direction, of any government official;

- any of the factual positions taken by the government in the sentencing process with respect to Mr. Zuberi's alleged conduct—whether submitted to the Probation Department or the Court, either orally or in writing—was untrue, inaccurate, incomplete, or in any way misleading.

We note the following examples, but these are merely illustrations, not an exhaustive list. The government is obligated to disclose any evidence that tends to exculpate Mr. Zuberi, mitigate his culpability, or have mitigating value at sentencing. These obligations apply with equal force in the post-conviction context.

I.  **Materials Relevant to Unwarranted Sentence Disparities**

One issue that is material to Mr. Zuberi's punishment is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar

EXHIBIT A
5

U.S. Attorney's Office
Central District of California
April 18, 2021
Page 3

**Steptoe**

conduct." 18 U.S.C. § 3553(a)(6); *see United States v. Kwon Woo Sung*, 740 F. App'x 878, 880 (9th Cir. 2018) (vacating defendant's sentence because, among other reasons, the district court's "failing to consider 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct'").

The government recently announced deferred prosecution agreements and/or non-prosecution agreements for Gilbert Chagoury, Toufic Baaklini, Joseph Arsan and Ray LaHood for conduct similar to that for which Mr. Zuberi was charged, convicted, and sentenced.[1]

According to materials released through a March 31, 2021 press release by the U.S. Attorney's Office for the Central District of California, the government entered into a deferred prosecution agreement with defendant Chagoury over two violations of federal election contribution laws that occurred between June 2012 and March 2016.[2] This agreement was reached on October 20, 2019.[3] As detailed in his criminal Information, defendant Chagoury, a foreign national, provided $180,000 to four different federal political candidates, including $100,000 in donations to a then-Presidential candidate.[4] In defendant Chagoury's deferred prosecution agreement, the government said it entered into the agreement after considering, among other things, "defendant Chagoury's unique assistance to the United States government."[5]

The government also entered into deferred prosecution agreements with two of Chagoury's co-conspirators, Toufic Baaklini and Joseph Arsan, who knowingly assisted Chagoury in violating federal election laws.[6] These agreements were agreed to on March 1, 2021 and November, 10,

---

[1] *Lebanese-Nigerian Billionaire and Two Associates Resolve Federal Probe into Alleged Violations of Campaign Finance Laws*, The United States Attorney's Office for the Central Disctrict of California (March 31, 2021), https://www.justice.gov/usao-cdca/pr/lebanese-nigerian-billionaire-and-two-associates-resolve-federal-probe-alleged.

[2] *United States v. Chagoury*, Deferred Prosecution Agreement, 2, https://www.justice.gov/usao-cdca/press-release/file/1382076/download (last accessed April 12, 2021)

[3] *Id*. at 16.

[4] *Id*. at 20-23.

[5] *Id*. at 5.

[6] *United States v. Baaklini*, Deferred Prosecution Agreement, https://www.justice.gov/usao-cdca/press-release/file/1382086/download (last accessed April 12, 2021); *United States v. Joseph Arsan*, Deferred Prosecution Agreement, https://www.justice.gov/usao-cdca/press-release/file/1382081/download (last accessed April 12, 2021).

U.S. Attorney's Office
Central District of California
April 18, 2021
Page 4

**Steptoe**

2020, respectively.[7]

In the same press release, the government also announced a non-prosecution agreement with former United States Secretary of Transportation, Ray LaHood.[8] This agreement was executed on December 4, 2019. According to the agreement, LaHood received a $50,000 check from Baaklini that he understood came from Chagoury.[9] LaHood then willfully hid this check in two government ethics forms and, in an interview with the FBI, LaHood lied about receiving the check and knowing that Chagoury was the source of the funds.[10] The government listed LaHood's "cooperation with the United State government" as a factor the government considered when entering into this non-prosecution agreement.[11]

The government's announcement raises several important issues for Mr. Zuberi's case. We request that you promptly provide a full answer to the following questions:

- Did the government present any information regarding the deferred prosecution agreements or non-prosecution agreements for Gilbert Chagoury, Toufic Baaklini, Joseph Arsan, or Ray LaHood to the Court in any under-seal submission, including *ex parte*, in camera submissions? If so, please disclose what information was disclosed. If not, please state why this information was not disclosed.

- Did the government present any information regarding these agreements to Mr. Zuberi or to his defense counsel under a protective order preventing defense counsel from disclosing the information to Mr. Zuberi? If so, please disclose what information was disclosed and whether it was disclosed to Mr. Zuberi or to his defense counsel under a protective order preventing defense counsel from disclosing the information to Mr. Zuberi. If not, please state why this information was not disclosed.

- Was the government investigating Chagoury, Baaklini, Arsan, or LaHood for any potential tax and/or FARA violations? If so, please disclose the nature of any such conduct under investigation, including the potential and respective exposure of these individuals for any such conduct.

---

[7] *Baaklini*, Deferred Prosecution Agreement at 16; *Arsan*, Deferred Prosecution Agreement at 14.
[8] Non-Prosecution Agreement of Ray LaHood, https://www.justice.gov/usao-cdca/press-release/file/1382091/download (last accessed April 12, 2021).
[9] *Id*. at 12.
[10] *Id*. at 13-15.
[11] *Id*. at 2.

**EXHIBIT A**

7

U.S. Attorney's Office
Central District of California
April 18, 2021
Page 5

**Steptoe**

- Please disclose the nature of the conduct potentially in violation of federal election contribution laws under investigation with respect to Chagoury, Baaklini, and Arsan, including all information the government advanced or believed at any time over the course of the respective investigations related to potential loss amounts.

II.   **Materials Relevant to Destruction of Evidence**

In its Obstruction Brief, the government claimed that Mr. Zuberi deleted emails responsive to a subpoena.[12] The government repeated this in at least three separate sentencing filings.[13] At sentencing, the Court brought up Mr. Zuberi destroying emails multiple times as a consideration for deciding his sentence.[14]

We request the government provide any and all material information that tends to show Mr. Zuberi deleted email from his laptop computer, phone, or other sources at the direction of government agencies or officials that may include ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. This includes any relevant materials the government possesses on any individuals who used the names R▮▮ K▮▮, K▮▮ R▮▮, K▮▮ H▮▮, "K▮▮ B▮▮," or "J▮▮" when interacting or communicating with the Mr. Zuberi.

We also request that the government promptly provide a full answer to the following questions:

- Which federal agencies participated in the investigation of Mr. Zuberi?

- Does the government possess any documents related to an individual who used the name K▮▮ R▮▮ and/or K▮▮ H▮▮ that were not produced to Mr. Zuberi on July 8, 2020? If so, why were these documents not produced at that time?

---

[12] *See* Amended Government's Sentencing Position Re Obstruction of Justice; Memorandum of Points and Authorities, Dkt. 42 at 27-33 in No. CR-19-00642-VAP (entered Dec. 16, 2019).
[13] *See* Government's Final Sent. Position, Dkt. 233 at 10 in No. CR-19-00642-VAP (entered Nov. 09, 2020) (also filed at Dkt. 48, in No. CR-20-00155-VAP); Government's reply to Defendant's Resp. to Government's Position Re Acceptance of Responsibility, Dkt 229 at 15-16 (entered Nov. 09, 2020) (also filed at Dkt. 46, in No. CR-20-00155-VAP); Response to Defendant's Initial Sent. Mem., Dkt. 228 at 27 (entered Nov. 09, 2020) (also filed at Dkt. 44, in No. CR-20-00155-VAP).
[14] *See* Sent. Tr. at 16 ("he has destroyed relevant e-mails and tried to prevent witnesses from speaking to law enforcement"); 28 ("once he learned he was being investigated, he attempted to silence some of the witnesses. . ., and also destroying incriminatory evidence").

U.S. Attorney's Office
Central District of California
April 18, 2021
Page 6

**Steptoe**

- Did the government provide any evidence to the Court in any under-seal submission, including *ex parte*, in camera submission, that tends to show Mr. Zuberi destroyed evidence, including by deleting emails or texts, deleting backup files, or changing email protocol settings from Internet Message Access Protocol (IMAP) to Post Office Protocol (POP), at the direction of any government official or agency?

- Did the government provide any evidence to the Court in any under-seal submission, including an *ex parte*, in camera submission, that tends to show any government official or agency ordered, instructed, directed, advised, or suggested to Mr. Zuberi that he delete or destroy electronically stored copies of any emails or texts, or delete backup files that do or might contain electronically stored copies of any emails or texts, or change his email protocol settings from IMAP to POP?

- Did the government provide any evidence to the Court in any under-seal submission, including an *ex parte*, in camera submission, that tends to show any government official or agency deleted or destroyed electronically stored copies of any emails or texts to or from Mr. Zuberi from any device owned by Mr. Zuberi or from any device that the United States owned but had temporarily provided to Mr. Zuberi to his use in communicating with certain government officials?

Given that no member of Mr. Zuberi's legal team currently has clearance to review information filed or made available in connection with the Classified Information Protection Act ("CIPA"), we request that the government disclose any written or oral statements made to the Court by the government, which directly or indirectly, partially or wholly, contradict any document or statement either submitted under seal or made in an under seal proceeding by the government. This request includes any government statement or submission admitting or agreeing not to contest the truth of any materials or information proffered by the defense.

### III. Materials Related to Mr. Zuberi's Activities in Qatar

Lastly, Mr. Zuberi requests documents in the government's possession that is related to his activities in Qatar in or around 2017. The government brought up Mr. Zuberi's work in Qatar during sentencing. For example, the government stated in its final sentencing position:

> The need to protect the public from further crimes by the defendant is another important sentencing factor. Upon learning of the government's investigation, defendant's response was to delay matters so that he could not only obstruct the investigation, but also continue his criminal activity. In 2017, he perpetrated

U.S. Attorney's Office  
Central District of California  
April 18, 2021  
Page 7

**Steptoe**

another scheme to violate FARA by secretly lobbying on behalf of the Qatar government and secure foreign policy changes from the Trump Administration.[15]

At sentencing, the government told the Court that Mr. Zuberi's involvement in Qatar was not an effort "to stop a Middle East war."[16] Instead the government argued that Mr. Zuberi was "secretly lobbying on behalf of Qatar in violation of FARA."[17]

We request the government promptly identify any evidence in its possession that tends to show Mr. Zuberi's activities in Qatar were at the direction, or with the approval, of any government entity or official, including ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ H▮▮▮▮▮▮▮ M▮▮▮▮.

We also request that the government promptly provide a full answer to the following questions:

- Did the government provide any materials to the Court in any under-seal submission or otherwise that involved Mr. Zuberi's activities in Qatar in or around 2017?

- Was the government aware of any communications, or other materials that tend to show communications occurred, between H▮. M▮▮▮▮, ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ R▮▮▮▮ O▮▮▮., ▮▮▮▮▮▮▮▮▮▮▮ J▮▮ A▮▮, and/or Mr. Zuberi that relates to Mr. Zuberi's activities in Qatar in or around 2017?

- What was the basis and evidence that supported the government's claim that Mr. Zuberi's activities in Qatar in or around 2017 were a scheme to influence U.S. politics?

### IV. Miscellaneous Information

We request that the government disclose all evidence tending to suggest that the government directly or indirectly exerted pressure or influence on Mr. Zuberi to plead guilty to any offense based on the threat of criminal charges being filed against his wife, or the threat of criminal charges resulting in Mr. Zuberi's small children being place in foster care, or both.

---

[15] *See* Government's Final Sent. Position at 12.  
[16] Sent. Tr. at 51.  
[17] *Id.*

Steptoe

U.S. Attorney's Office
Central District of California
April 18, 2021
Page 8

  We further request the disclosure of all evidence demonstrating that Mr. Zuberi sought to ensure that he and his businesses were "following every rule and regulation" and/or were "up[-to-date] on every filing with [the United States] Justice Department."

  Finally, we request any evidence tending to suggest that the government (a) "buried" discovery or other materials potentially helpful to Mr. Zuberi, (b) made a statement or submission admitting or agreeing not to contest the truth of information proffered by the defense with the goal, intention, or knowledge that such government action would minimize or limit the impact of such information at sentencing, or (c) otherwise acted with the intent to frustrate or limit the defense's ability to review or use information helpful to the defense.

* * *

  To the extent that any information responsive to these requests would require counsel for Mr. Zuberi to obtain a security clearance, please notify the defense team of the same and provide such information to the Court while security clearances for defense counsel remain pending.

            Sincerely,

      By:  /s/ Ashwin J. Ram

            Ashwin J. Ram
            STEPTOE & JOHNSON LLP
            633 West Fifth Street
            Suite 1900
            Los Angeles, CA 90071
            Tel: (213) 439-9443
            aram@steptoe.com

            *Attorney for Defendant*
            *Imaad Shah Zuberi*