DAVID A. WARRINGTON, *pro hac vice*
david.warrington@kutakrock.com
KUTAK ROCK LLP
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (202) 828-2437
Facsimile:  (202) 828-2488

Attorneys for Defendant
Imaad Shah Zuberi

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>      v.<br><br>Imaad Shah Zuberi,<br><br>             Defendant. | Case No. 2:19-cr-00642-VAP<br>No. 2:20-cr-00155-VAP<br><br>**PROFFER OF ATTORNEY<br>DAVID A. WARRINGTON**<br><br>Judge: Hon. Virginia A. Phillips |

I, David A. Warrington, declare and state as follows:

1.  I am an attorney at law licensed to practice in the Commonwealth of Virginia. I am Of Counsel with the Kutak Rock, LLP law firm. I am admitted pro hac vice in this case and counsel of record for Defendant Imaad Shah Zuberi in this matter. I was retained to represent the Defendant on issues in the case pertaining to the Foreign Agent Registration Act ("FARA"), 22 U.S.C. § 611, et seq., and Federal Campaign Finance Act ("FECA"), 52 U.S.C. § 30101 et seq.  I have firsthand knowledge of and am familiar with the Plea Agreement and facts pertaining to the FARA and FECA issues in the case.

2.  According to the Plea Agreement:

> Defendant agrees to satisfy any and all obligations under FARA prior to sentencing, including registering for any and all activity, past or present, that requires registration

under FARA and amending any deficiencies in the existing FARA filings.

(Dkt. 5, ¶ 4).

3. To trigger a FARA registration obligation, one must act "at the order, request, or under the direction or control" of a "foreign principal" to influence any agency or official of the Government of the United States or the public within the United States in the interests of a "foreign principal." 22 U.S.C. § 611. A "foreign principal" is a foreign government, political party, or individual not a citizen of, or a corporation or other legal entity organized under the laws of, or with its principle place of business in, a foreign country. 22 U.S.C. § 611(b).

4. Activities that are commercial in nature and do not involve seeking to influence the United States Government or public are exempt from FARA. 22 U.S.C. § 613(d) (exempting bona fide commercial and trade activity from FARA's reporting obligations). Activities undertaken at the request of the United States are also exempt from FARA. *See* Advisory Letter from Brandon L. Van Grack, Chief, U.S. Dep't of Justice, Nat'l Sec. Div., FARA Unit to [Name Deleted] (Mar. 18, 2020), https://www.justice.gov/nsd-fara/page/file/1287621/download (activities undertaken at the request of the United States government, its officials or agencies, are not covered by FARA).

5. In the government's opposition to Mr. Zuberi's motion to extend his reporting date, the prosecution asserts, without explanation or support, that Zuberi "has not filed FARA registrations as required by both statute and the terms of his plea agreement." Dkt. No. 5 at 5. As a matter of fact and law, there are no other FARA registrations for which Mr. Zuberi is responsible.

6. Zuberi pled guilty to only one FARA violation regarding his work with the Government of Sri Lanka. According to the pre-indictment information and factual basis filed with the Plea Agreement, Zuberi filed a FARA registration for his work on behalf of the government of Sri Lanka but failed to adequately disclose

federal campaign contributions that he made in the reporting period prior to the filing of his registration and failed to adequately disclose what he was paid for his FARA governed activities for Sri Lanka. Given that Sri Lanka failed to pay Zuberi for the part of his work with Sri Lanka that was governed by FARA, there is no additional information with which to supplement his already filed Sri Lanka FARA supplement.

7. To the extent the prosecutor is referring to his claim in sentencing proceedings that certain federal-candidate contributions reported to have been made by others were really from Mr. Zuberi and should be disclosed in a supplemental FARA filing with regard to the Sri Lanka registration, Mr. Zuberi contested that claim. The Court made no findings resolving it or identifying specific contributions that were Zuberi's rather than contributions by the individuals reported in the FEC filings. Mr. Zuberi maintains this position and cannot attest to the veracity of any FARA supplement taking credit for contributions he did not make. If Zuberi were to file an amended FARA registration for Sri Lanka to include contributions he believes are not actually his, simply to satisfy AUSA O'Brien's allegations, he would be knowingly filing a false FARA registration. Such an attestation would be another crime. Thus, Mr. Zuberi has no additional FARA obligations with regard to Sri Lanka.

8. Apart from Sri Lanka, AUSA O'Brien advanced several additional allegations of unmet FARA obligations in the government's sentencing briefings pertaining to Zuberi's commercial work in Bahrain, Turkey, Libya, Ukraine and Qatar. Because of the superficial nature of the allegations regarding the other purported unmet FARA obligations advanced by AUSA O'Brien and limitations on the sentencing briefings, Zuberi was never able to fully address the lack of merit of those allegations pertaining to Bahrain, Turkey, Libya, Ukraine and Qatar.

9. Mr. Zuberi did not plead guilty to any violations with regard to AUSA O'Brien's additional allegations, and no such violations exist. The Court did not find otherwise at sentencing.

10. No violations exist because Mr. Zuberi's work in those countries was commercial in nature, involving economic development and business activities in those countries and Mr. Zuberi's substantial efforts to bring American companies to those countries to do business. That work did not involve influencing the United States government or public within the meaning of FARA. As such, those commercial and trade activities are exempt from any FARA registration obligations. 22 U.S.C. § 613(d).

11. With regard to Qatar, and to some extent Libya, Mr. Zuberi's activities that AUSA O'Brien advanced as the basis for these purported additional FARA registration obligations were activities Mr. Zuberi undertook at the direction of the executive branch of the United States government or high-level elected officials in the legislative branch. These activities are also exempt from FARA registration for that reason. *See* Advisory Letter from Van Grack to [Name Deleted], *supra* ¶ 4.

Executed this 19th day of April, 2021, in Centreville, Virginia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

By: _____
David A. Warrington
david.warrington@kutakrock.com