**KUTAK ROCK LLP**
David A. Warrington
*David.warrington@kutakrock.com*
901 East Byrd Street, Suite 1000
Richmond, Virginia 23219
Telephone: (202) 828-2438
Facsimile: (202) 828-2400

*Attorney for Defendant Imaad Shah Zuberi*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IMAAD SHAH ZUBERI,<br><br>Defendant. | Case No.: 2:19-cr-00642-VAP<br>No.: 2:20-cr-00155-VAP<br><br>**ADDENDUM TO THE DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RELEASE PENDING APPEAL**<br><br>The Honorable Virginia A. Phillips<br><br>Hearing Date: June 7, 2021<br>Time: 9:00 a.m.<br>Courtroom: 8A |

Defendant Imaad Shah Zuberi, through counsel, respectfully submits this Addendum to his Reply in Support of Motion for Release Pending Appeal (Dkt. 380).[1] This addendum responds to the Addendum to the Government's Opposition to Defendant's Motion for Release Pending Appeal (Dkt. 388) ("Addendum"), which was filed after the close of business hours on the Friday evening preceding this Monday morning motion hearing.[2]

This is the second time the government has revealed sealed defense submissions. At sentencing, the government argued in open court about a specific matter Zuberi had submitted under seal. *See* Sent. Tr. 51 (Dkt. 337); Dkt. 255, at 21:22-27 (under seal). Now, the government's publicly-filed Addendum *openly quotes from the defense's sealed reply brief*, which was filed under this Court's protective orders governing classified information. *See* Dkt. 388 at 3.[3] The government has *deliberately* made this information public on its own (*see id.*)—without, to our knowledge, any effort to obtain this Court's authorization.

Zuberi does not move to strike the government's submission, for two reasons. *First*, the government's public filing has let the cat out of the bag. *Second*, Zuberi has nothing to hide. The quoted information is not classified, and Zuberi is every bit as interested as the government in having "a correct and complete public record." Dkt. 388, at 2.

---

[1] Unless otherwise noted, all docket references herein are to the docket in No. 2:19-cr-00642-VAP.

[2] The government's submission states it is based on an attached Memorandum of Points and Authorities (Dkt. 388 at 2), but no Memorandum appears on the docket. Zuberi submits this reply in order to fairly respond to the prosecution, and in reliance on any undisclosed authority that has been or will be submitted in support of the government's eleventh-hour addendum.

[3] The defense's sealed reply does not contain classified information, but was filed under this Court's protective orders because it responded to submissions the government had filed under those procedures.

The public record the government seeks to create, however, is neither correct nor complete. Zuberi has not conceded that "the entire record 'shows the government did not affirmatively argue a position it knew to be false on the e-mail deletion issue'"; nor has he "abandoned his claim that the government made factually incorrect or misleading statements regarding the destruction of emails," as the government claims (Dkt. 388 at 3). On the contrary, as the Court knows, Zuberi continues to maintain that the government advanced an argument it had reason to doubt. Zuberi no longer relies on that argument in this bond pending appeal motion because the *present* record does not establish the government's argument was knowingly false, and does not do so obviously enough to pass plain error review. Zuberi makes no concession regarding what the "entire" record is likely to show, including discovery and *Brady* information that Zuberi sought concerning the matters addressed in his sealed submissions.

The government's Addendum is the latest example of its playing fast and loose, using its control over potentially classified information to assert one position before this Court (and now the public), while resisting disclosure or fair adversarial testing of evidence in the U.S. government's possession that would likely shed a much different light. The reasons requiring disclosure are not limited to Zuberi's right to present mitigation information at sentencing—though that alone would be enough. Disclosure is particularly required to meet the argument the government put at issue: that Zuberi deleted emails on his own, with obstructive intent, rather than at U.S. government direction. *See* Mot. at 22-23 (Dkt. 368). The government is not free to use its control over the classified information process as both a sword and a shield, advancing a one-sided story, while shielding contradictory facts that would paint a different picture,[4] or are

---

[4] *See, e.g.*, *United States v. Nobles*, 422 U.S. 225, 241 (1975); *United States v. Nixon*, 418 U.S. 683, 709, 711 (1974).

relevant and material to the defense.[5]

Here, contrary to the Addendum's misleading selective quotations, Zuberi has not conceded that the government has not made factually incorrect, misleading, or even knowingly false statements regarding the e-mail deletion issue. All that Zuberi has conceded is (a) that the *present record* does not show knowingly false argument sufficient to pass plain error review; and (b) that as a consequence, the e-mail deletion issue is an issue for the merits of Zuberi's appeal, not for this bond pending appeal motion.

Accordingly, this Court need not consider the e-mail deletion sub-issue as part of this bond pending appeal motion. *See* Dkt. 388 at 3 (quoting Zuberi's position that this Court "need not further consider—*at this time*—Zuberi's ... proffer regarding the email deletion sub-issue *in support of the motion for bond pending appeal*") (emphasis added). Zuberi makes no concession or abandonment of this issue for any other purpose.

---

The government's Addendum illustrates the problem starkly. The Addendum sets out to the public, as its Classified Opposition set out to the Court, the government's one-sided version of the facts. But because the government's position was set out in a Classified Opposition, under the protective orders Zuberi's cleared counsel *could not disclose the government's contentions, or Zuberi's sealed reply, <u>even to Zuberi</u>*. This restriction on Zuberi's ability to know the arguments against him, communicate with his counsel about them, and participate in formulating his defense's response violates his rights to Due Process, effective assistance of counsel, fair adversary proceedings, and the right to participate in his defense. Because those issues go to the sentencing process, however, and not to the validity of his plea or plea agreement, they are issues for the merits of the appeal, not for bond pending appeal.

[5] *See, e.g., Roviaro v. United States*, 353 U.S. 53, 60-61, 64-65 (1957); *United States v. Moussaoui*, 382 F.3d 453, 476 (4th Cir. 2004); *United States v. Fernandez*, 913 F.2d 148, 150, 154-64 (4th Cir. 1990).

| | | |
|---|---|---|
| 1 | Dated: June 6, 2021 | Respectfully submitted, |
| 2 | | **KUTAK ROCK LLP** |
| 3 | | By: *David A. Warrington* |
| 4 | | David A. Warrington |
| 5 | | *Counsel for Defendant* |
| 6 | | *Imaad Shah Zuberi* |