TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
DANIEL J. O'BRIEN (Cal. Bar No. 141720)
Assistant United States Attorney
Deputy Chief, Public Corruption & Civil Rights Section
ELISA FERNANDEZ (Cal. Bar No. 172004)
Assistant United States Attorney
Public Corruption & Civil Rights Section
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Trial Attorney, National Security Division
      1500 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-2468/7383/7280
      Facsimile: (213) 894-2927
      E-mail:  daniel.obrien@usdoj.gov
      E-mail:  elisa.fernandez@usdoj.gov
      E-mail:  judith.heinz@usdoj.gov
EVAN N. TURGEON (D.C. Bar No. 1010816)
Trial Attorney, National Security Division
United States Department of Justice
      950 Pennsylvania Avenue, N.W., Suite 7700
      Washington, D.C. 20530
      Telephone: (202) 353-0176
      E-mail:     evan.turgeon@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>IMAAD SHAH ZUBERI,<br><br>          Defendant. | No. LACR19-642-VAP<br>No. LACR20-155-VAP<br><br>GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY EX PARTE APPLICATION FOR TWO-WEEK EXTENSION OF REPORTING DATE DURING MEDICAL RECOVERY AND FURTHER TESTING; DECLARATION OF DANIEL J. O'BRIEN |

1

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California, hereby opposes defendant Imaad Shah Zuberi's emergency *ex parte* application for two-week extension of his reporting date.

This opposition is based upon the attached Memorandum of Points and Authorities, the attached Declaration of Daniel J. O'Brien, and the files and records in this case.

Dated: June 30, 2021                    Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division


_____/s/_____
DANIEL J. O'BRIEN
Assistant United States Attorney


_____/s/_____
ELISA FERNANDEZ
Assistant United States Attorney


_____/s/_____
EVAN N. TURGEON
Trial Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

## MEMORANDUM OF POINTS AND AUTHORITIES

On June 29, 2021, the Ninth Circuit denied defendant's motion for bond pending appeal.  Shortly thereafter, this Court entered an order directing defendant to surrender to the U.S. Marshal's Service ("USMS") before June 30, 2021 at 10:00 a.m. (CR 396.)

In the evening of June 29, defendant Imaad Shah Zuberi ("defendant") filed the instant motion, arguing that his diabetic condition had deteriorated to the point that he could not be safely transported by the U.S. Bureau of Prisons ("USBOP") to FCI Leavenworth.  (CR 397.)  Defendant requested a two-week extension to his reporting date so that his physician could obtain diagnostic tests including an MRI.  Defendant notes that additional delays of his surrender date may be required as his condition is addressed.

Given the paucity of information provided by defendant in his application, the ability of the USBOP to treat his medical condition, and because defendant will not be transported to FCI Leavenworth forthwith as claimed by defendant, the government opposes the requested two-week extension.

The government submits the following facts for the court's consideration:

1.   Defendant was admitted to Arcadia Methodist Hospital on June 16, 2021 and discharged on June 25, 2021.  Although defendant's personal physician, Shaun S. Daneshrad, MD, FACC ("Daneshrad"), makes reference to "hospital discharge notes and additional information provided by Dr. Purvi Patel," defendant elected not to include such records in his application.  (Dkt. 397, Daneshrad Declaration)

1

2.      Defendant's personal physician states that on June 16, defendant entered a "diabetic hyperosmotic state." (Daneshrad Declaration at ¶ 4.)  Defense counsel states that hospital physicians described the condition as "diabetic ketoacidosis." (O'Brien Declaration)  Based upon public literature, this is a serious but common and treatable condition. (https://spectrum.diabetesjournals.org/content/15/1/28)

3.      The USBOP operates a 2017 Management of Diabetes plan that requires a baseline evaluation and initial treatment plan for inmates with diabetes, including those with the above-described condition. The plan recognizes that it is important for the BOP to "rapidly identify and evaluate insulin-treated inmates at intake to detect those at highest risk for hypo- and hyperglycemia and diabetic ketoacidosis." (https://www.bop.gov/resources/health_care_mngmt.jsp and https://www.bop.gov/resources/pdfs/201703_diabetes.pdf at 5.) Accordingly, the USBOP recommends "obtaining a capillary blood glucose (CBG) at intake on all inmates who report being insulin dependent."  BOP's treatment plans include education, discussion, drug treatment instruction, self-care, regular screening and monitoring including "fasting blood glucose, A1C, lipid levels, and kidney monitoring (BUN, creatinine, glomerular filtration rate calculation.) (Id. at 6.)  BOP cases are evaluated on an individual basis and at treatment decisions are patient specific. (https://www.bop.gov/resources/health_care_mngmt.jsp)

4.    Defendant's personal physician states that attending physicians at the hospital recommended defendant obtain an MRI. (Daneshrad Declaration, ¶ 9.)  On June 22, defendant requested permission to remove the ankle bracelet monitor so that the MRI could be performed.  (Dkt. 394)  The government did not oppose this application.  (Id.)  On June 23, the Court granted permission for the bracelet's removal so that the procedure could be performed.  (CR 395)  Notwithstanding the court's order, defendant did not obtain an MRI at the hospital prior to his discharge on June 25.  Defendant's doctor states that, "Zuberi may have been able to schedule an MRI scan at the hospital, but will be seeing his neurologist instead to receive a more comprehensive level of care." (Daneshrad Declaration, ¶ 9.)

5.    Defendant's personal physician states that hospital physicians directed that defendant should abstain from work for ten days.  (Daneshrad Declaration, ¶ 4.)  Defense counsel has characterized Zuberi's discharge from the hospital as conditioned on a physician's order to "stay on bedrest for at least ten days."  (CR 397 at 2.)  On June 28, defense counsel informed the government that defendant would be travelling to Orange County on June 29 and June 30.  (O'Brien Declaration)  Defense counsel related that defendant did indeed travel to Orange County on June 29 although he did not personally drive. (O'Brien Declaration)

6.    According to the USBOP, defendant will not be delivered forthwith from the USMS to FCI Leavenworth.  First, defendant would

3

be likely placed at the Metropolitan Detention Center in Los Angeles

("MDC").  Only after USBOP has an opportunity to assess defendant's

medical situation would there be a transfer to FCI Leavenworth.

USBOP will conduct a medical screening of defendant's needs and

prepare a treatment plan.  Defendant should bring any medical records

at time of surrender.  The USBOP can facilitate the MRI following

USBOP's independent assessment of his needs.  Moreover, there are no

direct individual transfers between USBOP facilities; instead,

defendant would have to wait for his transfer to FCI Leavenworth

until a sufficient number of inmates are ready for transport.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF DANIEL J. O'BRIEN**

I, DANIEL J. O'BRIEN, declare as follows:

1.    I am an Assistant United States Attorney ("AUSA") in the United States Attorney's Office for the Central District of California ("the USAO") responsible for the matters of <u>United States v. Imaad Shah Zuberi</u>, CR 19-642-VAP, and <u>United States v. Imaad Shah Zuberi</u>, CR 20-155-VAP.

2.    On June 28, 2021, defense counsel informed the government that defendant would be travelling to Orange County on June 29 and June 30.

3.    Attached as Exhibit 1 are email discussions with defense counsel concerning defendant's health condition.

4.    On June 30, AUSA Elisa Fernandez spoke to Eliezer Ben-Shmuel of the U.S. Bureau of Prisons.  Mr. Ben-Shmual advised that defendant will not be delivered forthwith from the USMS to FCI Leavenworth.  First, defendant would be likely placed at the Metropolitan Detention Center in Los Angeles ("MDC").  Only after USBOP has an opportunity to assess defendant's medical situation would there be a transfer to FCI Leavenworth.  USBOP will conduct a medical screening of defendant's needs and prepare a treatment plan. Defendant should bring any medical records at time of surrender.  The USBOP can facilitate the MRI following USBOP's independent assessment of defendant's needs.  Moreover, there are no direct individual transfers between USBOP facilities; instead, defendant would have to wait for his transfer to FCI Leavenworth until a sufficient number of inmates are ready for transport.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that

this declaration is executed at Los Angeles, California, on June 30, 2021.

/s/
_____
DANIEL J. O'BRIEN

# EXHIBIT A

**From:** Ram, Ashwin <aram@Steptoe.com>
**Sent:** Tuesday, June 29, 2021 7:45 PM
**To:** OBrien, Daniel J. (USACAC) <DOBrien@usa.doj.gov>; David Warrington (Dhillon Law)
<DWarrington@dhillonlaw.com>
**Cc:** Reyes, Angel <areyes@Steptoe.com>; Bishop, Bruce <BBishop@steptoe.com>; Robert Eatinger
<reatinger@eatingerlaw.com>; Fernandez, Elisa (USACAC) <EFernandez1@usa.doj.gov>; Jenkins, Mack
(USACAC) <MJenkins@usa.doj.gov>; Heinz, Judith (USACAC) <JHeinz@usa.doj.gov>; Turgeon, Evan (NSD)
<Evan.Turgeon@usdoj.gov>; Joe Torres <Joe_Torres@cacp.uscourts.gov>; Joey Trabucco
<Christopher_Trabucco@cacp.uscourts.gov>; Park, Hans (LA) (FBI) <hpark2@fbi.gov>; Glover Bryan J
<Bryan.Glover@ci.irs.gov>; 'carlos.tropea@ci.irs.gov' <carlos.tropea@ci.irs.gov>
**Subject:** RE: Zuberi Emergency Ex Parte Application to Extend Surrender Report Deadline

Dan:  Here is my own understanding of the basic responses to your questions below.  A more detailed
version of this information will also be covered in the medical declaration accompanying our emergency
filing this evening.  Please let us know if you will stipulate to the two-week extension request for obvious
medical reasons.  Thanks.  Ashwin

***

What were the medical findings while Mr. Zuberi was in the hospital?

Imaad was admitted from June 16, 2021 to June 25, 2021 at Methodist Hospital of Southern California in
Arcadia, CA.  During the hospital stay, hospital physicians diagnosed him with diabetic ketoacidosis, acute
respiratory failure requiring intubation, and multiple seizure episodes.

Who ordered the MRI?  Hospital physicians or his personal physician?

A hospital physician rounding on Imaad ordered the brain MRI.

What is the purpose of the MRI?  Why didn't Mr. Zuberi obtain the MRI at the hospital or
promptly after his release?

Imaad required and still requires a battery of tests to identify the root cause of his health issues that
resulted in his hospitalization.  One of the tests requested by a hospital physician was for a brain
MRI.  Imaad was not able to get the brain MRI due to the metal location monitoring bracelet.  By the
time its removal was ordered/permitted by the Court on June 23, Imaad still had to coordinate with the
USPO for its removal and replacement after the MRI.  Imaad was discharged on June 25, so the MRI
remains to be schedule and coordinated with the USPO.

How do you reconcile Mr. Zuberi needing bedrest with his traveling to Orange County today?

A one-hour drive to Orange County to visit with legal counsel, with ready access to medical care, stands
in stark contrast to the perils associated with a multi-day/week bus journey from Los Angeles to
Leavenworth, Kansas.  Imaad was not even able to drive himself to Orange County today or readily walk
around.  The details associated with Imaad's hospitalization further underscore this point:

Around 8:30pm on June 23, 2021, Imaad collapsed suddenly while having fruits at the dining room beside his wife and kids.  His wife (Willa) called 911 immediately.  During the 911 call, Imaad was unconscious and having seizures. Police and ambulance arrived within approximately 5 minutes. The paramedics told Willa that Imaad was, in fact, not breathing when they arrived at the scene. They tried to revive him while doing some quick tests. Then they told Willa that Imaad's blood sugar was dangerously high. Finally, they resuscitated Imaad and took him to Methodist Hospital.  The paramedics further indicated that if 911 was not called immediately, or if the ambulance did not arrive quickly, Imaad could have died. That several minutes made a huge difference between life and death.

Why can't USBOP administer the MRI?  What will an additional two weeks accomplish?

Imaad is now in the care of his personal physician, who observed a dramatic weight loss (Imaad literally looks emaciated) and other indicia of ill-health that is cause for real concern.  As a result, Imaad's personal physician has indicated that Imaad will require several additional tests to be performed with various specialists.  The brain MRI is literally one of many tests that remain outstanding.  All of which are now required to ensure Imaad's safe multi-day roadway travel to Leavenworth.  Depending on the results of the tests, additional observation and treatment may be required.

\*\*\*

Happy to discuss any and all of these items with you over the phone this evening, or please let me know if we can file the emergency request for a two-week extension of Imaad's report date on a stipulated basis now.  Thanks.  Ashwin

**Ashwin J. Ram**
Partner
aram@Steptoe.com

# Steptoe

+1 213 439 9443 direct      Steptoe & Johnson LLP
+1 213 439 9599 fax         633 West Fifth Street
                            Suite 1900
                            Los Angeles, CA 90071
                            www.steptoe.com

This message and any attached documents contain information from the law firm Steptoe & Johnson LLP that may be confidential and/or privileged. If you are not the intended recipient, please do not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** OBrien, Daniel J. (USACAC) <Daniel.Obrien@usdoj.gov>
**Sent:** Tuesday, June 29, 2021 6:07 PM
**To:** David Warrington (Dhillon Law) <DWarrington@dhillonlaw.com>
**Cc:** Ram, Ashwin <aram@Steptoe.com>; Reyes, Angel <areyes@Steptoe.com>; Bishop, Bruce <BBishop@steptoe.com>; Robert Eatinger <reatinger@eatingerlaw.com>; Fernandez, Elisa (USACAC) <elisa.fernandez@usdoj.gov>; Jenkins, Mack (USACAC) <Mack.Jenkins@usdoj.gov>; Heinz, Judith (USACAC) <Judith.Heinz@usdoj.gov>; Turgeon, Evan (NSD) <Evan.Turgeon@usdoj.gov>; Joe Torres

<[Joe_Torres@cacp.uscourts.gov](mailto:Joe_Torres@cacp.uscourts.gov)>; Joey Trabucco <[Christopher_Trabucco@cacp.uscourts.gov](mailto:Christopher_Trabucco@cacp.uscourts.gov)>; Park, Hans (LA) (FBI) <[hpark2@fbi.gov](mailto:hpark2@fbi.gov)>; Glover Bryan J <[Bryan.Glover@ci.irs.gov](mailto:Bryan.Glover@ci.irs.gov)>; 'carlos.tropea@ci.irs.gov' <[carlos.tropea@ci.irs.gov](mailto:carlos.tropea@ci.irs.gov)>
**Subject:** RE: Zuberi Emergency Ex Parte Application to Extend Surrender Report Deadline

Mr. Warrington—

Given the late hour and the reporting deadline of tomorrow at 10 a.m., I'm copying the U.S. Probation Office and the investigatory agencies in this reply.

From your email, it's not clear to me what is known about Mr. Zuberi's current medical condition, what the two weeks delay might accomplish, and why he cannot be examined and treated by the Bureau of Prisons.  Specifically, I ask the following questions:

> What were the medical findings while Mr. Zuberi was in the hospital?
> Who ordered the MRI?  Hospital physicians or his personal physician?
> What is the purpose of the MRI?
> Why didn't Mr. Zuberi obtain the MRI at the hospital or promptly after his release?
> Why can't USBOP administer the MRI?
> How do you reconcile Mr. Zuberi needing bedrest with his traveling to Orange County today?
> What will an additional two weeks accomplish?

Sincerely,

--Dan

**From:** David Warrington (Dhillon Law) <[DWarrington@dhillonlaw.com](mailto:DWarrington@dhillonlaw.com)>
**Sent:** Tuesday, June 29, 2021 5:25 PM
**To:** OBrien, Daniel J. (USACAC) <[DOBrien@usa.doj.gov](mailto:DOBrien@usa.doj.gov)>; Fernandez, Elisa (USACAC) <[EFernandez1@usa.doj.gov](mailto:EFernandez1@usa.doj.gov)>; Jenkins, Mack (USACAC) <[MJenkins@usa.doj.gov](mailto:MJenkins@usa.doj.gov)>; Heinz, Judith (USACAC) <[JHeinz@usa.doj.gov](mailto:JHeinz@usa.doj.gov)>; Turgeon, Evan (NSD) <[Evan.Turgeon@usdoj.gov](mailto:Evan.Turgeon@usdoj.gov)>
**Cc:** Ram, Ashwin <[aram@Steptoe.com](mailto:aram@Steptoe.com)>; Reyes, Angel <[areyes@Steptoe.com](mailto:areyes@Steptoe.com)>; Bishop, Bruce <[BBishop@steptoe.com](mailto:BBishop@steptoe.com)>; Robert Eatinger <[reatinger@eatingerlaw.com](mailto:reatinger@eatingerlaw.com)>
**Subject:** Zuberi Emergency Ex Parte Application to Extend Surrender Report Deadline

Counsel,

As you are aware, Mr. Zuberi was recently hospitalized, that included several days in the intensive care unit, and while he was just recently discharged from the hospital he was advised by his physician to take bedrest and follow-up with his physician.  That follow-up includes the MRI that has been ordered by his doctors.

Mr. Zuberi's present condition is that he has suffered significant weight loss, has problems with walking and balance, and is physically weak.  Suffice it to say he is extremely ill.

For these reasons, we are filing an emergency ex parte application to have Mr. Zuberi's surrender date extended so that he can have the MRI and recover sufficiently to report in better health.

We ask if the government is willing to agree to the relief sought by our application which is an extension of Mr. Zuberi's report date for two weeks?

Thank you,

David A. Warrington | Partner | DHILLON LAW GROUP

2000 Duke Street, Suite 300
Alexandria, VA 22314
Direct: 703.328.5369

SAN FRANCISCO ADDRESS:
177 Post Street, Suite 700
San Francisco, California 94108
Phone: 415.433.1700 | Fax: 415.520.6593
*Admitted Only in Virginia and Washington, D.C.

STATEMENT OF CONFIDENTIALITY & DISCLAIMER: The information contained in this email message is attorney privileged and confidential, intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this email is strictly prohibited. If you have received this email in error, please notify us immediately by calling (415) 433-1700 and delete the message. Thank you.

**CERTIFICATE OF SERVICE**

I, **S.Zambrano**, declare:

That I am a citizen of the United States and a resident of or employed in Riverside County, California; that my business address is the Office of United States Attorney, 312 N. Spring Street, Los Angeles, CA 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S EMERGENCY EX PARTE APPLICATION FOR TWO-WEEK EXTENSION OF REPORTING DATE DURING MEDICAL RECOVERY AND FURTHER TESTING; DECLARATION OF DANIEL J. O'BRIEN**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☒ By electronic mail as follows:

☐ By facsimile, as follows:

DWarrington@dhillonlaw.com,

aram@steptoe.com,

Bishop@steptoe.com,

reatinger@eatingerlaw.com, and

areyes@steptoe.com

☐ By messenger, as follows:

☐ By Federal Express, as follows:

This Certificate is executed on **June 30, 2021**, at Riverside, California.  I certify under penalty of perjury that the foregoing is true and correct.

/s/
_____
S. Zambrano
Legal Assistant